UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OGHENETEGA EMUVEYAN,<br><br>  Plaintiff,<br><br>v.<br><br>STEVE EWING; GENEVA ROCK PRODUCTS INC., a Utah corporation; and CLYDE COMPANIES, INC., a Utah corporation,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR CONCEALING EVIDENCE AND PERJURY (DOC. NO. 75)**<br><br>Case No. 2:19-cv-00616-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

  Before the court is Defendants Steve Ewing, Geneva Rock Products, Inc. ("Geneva Rock"), and Clyde Companies, Inc. (collectively, the "GRP Defendants") Motion for Sanctions against Plaintiff for Concealing Evidence and Perjury ("Mot.," Doc. No. 75). The court heard argument on the motion on May 17, 2021. Based on the briefing and oral arguments, the motion is GRANTED in part and DENIED in part for the reasons stated below.

BACKGROUND

  Plaintiff Oghenetega Emuveyan brought this action against the GRP Defendants alleging, in part, that the GRP Defendants discriminated against him based on his race and national origin, engaged in disparate treatment based on his race and national origin, created a hostile work environment, wrongfully terminated him, and engaged in retaliation. (Compl., Doc. No. 2-1.) Mr. Emuveyan seeks economic damages in the form of back pay, front pay, compensatory

1

damages, and consequential damages. (*Id.*) According to the GRP Defendants, Mr. Emuveyan is seeking more than $4 million in economic loss damages alone. (Mot. 2, Doc. No. 75.)

On October 7, 2020, while the parties were engaged in fact discovery in the present case, Mr. Emuveyan was arrested pursuant to a warrant to answer to an indictment. (Mot. 15, Doc. No. 75; *see also* Warrant for Arrest, Doc. No. 36 in *United States v. Oghenetega Benson Emuveyan et al.*, 2:20-cr-00286 (D. Utah) ("Criminal Case").) The indictment accuses Mr. Emuveyan of participating in an internet scheme[1] to obtain money and property from victims through "celebrity scams, romance scams, business enterprise fraud, and other scams." (Indictment, Doc. No. 75-12; Indictment, Doc. No. 1, Criminal Case.) Mr. Emuveyan pleaded not guilty, and no judgment has been rendered. (Pl.'s Mem. in Opp'n to Defs.' Mot. for Sanctions against Pl. for Concealing Evid. and Perjury ("Opp'n") 3, Doc. No. 81.)

In their motion for sanctions, the GRP Defendants allege Mr. Emuveyan withheld information and committed perjury when responding to discovery requests and answering deposition questions. (*See generally* Mot., Doc. No. 75.) The GRP Defendants contend that after the close of fact discovery, they learned, only by happenstance, of the criminal case against Mr. Emuveyan. (*Id.* at 14.) The GRP Defendants assert Mr. Emuveyan concealed and failed to disclose the federal criminal indictment as well as information about any income received from the alleged internet venture. (*Id.* at 15–16.) According to the GRP Defendants, this information is responsive to their discovery requests and vital to their defense against Mr. Emuveyan's claim of damages because it relates directly to their burden to show Mr. Emuveyan failed to mitigate his damages. (*Id.* at 21.) The GRP Defendants argue the income from the alleged internet

---

[1] Considering Mr. Emuveyan's presumption of innocence, the court will refer to the accused scam as the alleged "internet venture."

2

venture offsets any potential damages in this case, and any time Mr. Emuveyan spent on the venture reduced his time available to seek employment.  (*Id.* at 3.)  The GRP Defendants contend Mr. Emuveyan's failure to disclose this information deprived them of the opportunity to conduct discovery on these topics and warrants dismissal of the case along with an award of attorney fees.  (*Id.* at 29, 31.)

      Mr. Emuveyan does not materially disagree with the GRP Defendants' recitation of his discovery responses but disputes the idea that any of his responses violated discovery rules or constitute perjury.  (Opp'n 2–3, Doc. No. 81.)  Mr. Emuveyan argues the GRP Defendants' motion is based on the false premise that the claims in the indictment are true, even though Mr. Emuveyan pleaded not guilty and no charges have been proven.  (*Id.* at 3.)  Separately, Mr. Emuveyan contends that even if he had received money from the alleged internet venture, it does not bear on the GRP Defendants' affirmative defense of failure to mitigate damages.  (*Id.* at 5.)  Lastly, Mr. Emuveyan argues the indictment and any funds received through the alleged internet venture are irrelevant because, pursuant to the collateral source rule, the GRP Defendants cannot offset their damages by funds obtained through criminal activity.  (*Id.* at 6.)  Because of this, Mr. Emuveyan contends the GRP Defendants are not entitled to sanctions.  (*Id.* at 9.)

LEGAL STANDARD

      A party may serve interrogatories, relating to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33(a)(2).  Information relevant to any party's claim or defense, does not need to "be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  That is, "the scope of discovery is much broader than admissibility of evidence at trial." *FDIC v. Kan. Bankers Sur. Co.*, 13-cv-02344, 2014 U.S. Dist. LEXIS 31269, at *3 (D. Colo. Mar. 11, 2014) (unpublished);

*see also Bella Monte Owners Ass'n v. Vial Fotheringham, Ltd. Liab. P'ship*, 2:19-cv-00212, 2020 U.S. Dist. LEXIS 112781, at *13 (D. Utah June 26, 2020) (unpublished) ("After the 2015 Amendment [to Rule 26], 'relevance' for purposes of discovery remains broader than 'relevance' for purposes of trial admissibility." (internal quotation marks omitted)).

To the extent it does not object, a party must respond to interrogatories fully in writing and under oath. Fed. R. Civ. P. 33(b)(3). If the responding party later learns its discovery response is incomplete or incorrect "in some material respect" and the supplemental information is not otherwise known to the other party, it is obligated to update and supplement its prior response. Fed. R. Civ. P. 26(e)(1). Where a party fails to provide or supplement information as required by Rule 26 of the Federal Rules of Civil Procedure, a court may award sanctions, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

ANALYSIS

According to the GRP Defendants, Mr. Emuveyan should have disclosed the criminal case as well as the money he received from the alleged internet venture in response to their discovery requests and deposition questions. (Defs.' Reply Mem. in Supp. of Defs.' Mot for Sanctions against Pl. for Concealing Evid. and Perjury ("Reply") 2, Doc. No. 89.) Specifically, the GRP Defendants contend Mr. Emuveyan should have disclosed the criminal case in a supplemental response to Interrogatory 20, which sought testimony describing "all lawsuits in which you have been previously involved as a party." (Mot. 8, Doc. No. 75; Pl.'s Resps. to Interrog. and Reqs. for Admis. in Defs.' Third Set of Disc. Reqs. 4, Doc. No. 75-6.) The GRP Defendants also argue Mr. Emuveyan should have disclosed the income he received from the alleged internet venture in response to requests for production, interrogatories, and deposition questions seeking documents and testimony about his income and employment status since his

termination at Geneva Rock. (Mot. 18–19, Doc. No. 75.) The GRP Defendants assert Mr. Emuveyan's affirmative statements that his only employment and income was through Uber, Lyft, and Turo amount to perjury in light of the indictment. (*Id.* at 19)

Mr. Emuveyan does not dispute that he was arrested in October 2020 pursuant to a federal indictment. He concedes he did not disclose the criminal case or any income received from the alleged internet venture in his discovery responses, and that he verified his discovery responses on March 3, 2021, five months after his arrest. (*See* Opp'n 2; Doc. No. 81; Mot. 9, Doc. No. 75; Verification, Doc. No. 75-7.) However, Mr. Emuveyan maintains his actions were proper.

A. *Discovery Violations*

With regard to the disclosure of the criminal case, Mr. Emuveyan takes too constrained a view of the GRP Defendants' Interrogatory 20. This interrogatory seeks descriptions of "all lawsuits in which you have been previously involved as a party." (*See* Pl.'s Resps. to Interrogs. and Reqs. for Admis. in Defs.' Third Set of Disc. Reqs. 4, Doc. No. 75-6.) At the hearing, Mr. Emuveyan argued the term "previously" limits the interrogatory to lawsuits which were already resolved. According to this theory, any previous case which is still ongoing is per se not responsive to the request. This is a strained view of the term "previously." No reasonable reading of the term previously, or the interrogatory as a whole, requires a case to be resolved.[2] Mr. Emuveyan also suggested a criminal lawsuit may not fall within the scope of the word "lawsuit" as used in the interrogatory. But the interrogatory seeks information on all lawsuits; it does not differentiate between civil and criminal suits. Mr. Emuveyan's interpretation is

---

[2] For example, the Cambridge Dictionary defines "previous" as "happening or existing before something or someone else." Cambridge Dictionary, "Previous"; https://dictionary.cambridge.org/us/dictionary/english/previous.

incorrect.  To the extent Mr. Emuveyan relies on his objections for his failure to disclose, his argument also fails.  The criminal case falls within the broad scope of relevance at the discovery phase.  It is relevant to the issue of damages as well as the GRP Defendants' affirmative defense of failure to mitigate damages.  Indeed, it is likely even more relevant than the civil cases Mr. Emuveyan listed.

Accordingly, after Mr. Emuveyan's arrest, he was obligated to supplement his discovery response to Interrogatory 20 to disclose the criminal case pending against him.  Because he failed to do so and later verified his prior responses, Mr. Emuveyan violated the duty to supplement set out in Rule 26 of the Federal Rules of Civil Procedure.  The GRP Defendants' motion is GRANTED insofar as it pertains to Mr. Emuveyan's failure to supplement his discovery response to disclose the criminal case.

The remainder of Mr. Emuveyan's alleged perjury and discovery violations revolve around whether Mr. Emuveyan was obligated to disclose the fact and existence of the alleged internet venture and any money received.  The GRP Defendants argue the money and/or internet venture should have been disclosed in response to Request for Production 4, Interrogatory 11, and deposition questions, which sought documents and testimony regarding income received or owed to Mr. Emuveyan since his termination, efforts to mitigate damages (including efforts to find other employment or self-employment), and his current employment status.  (Mot. 4–5, 9–10, Doc. No. 75.)

The problem is that the GRP Defendants' argument is based solely on unproven allegations in the indictment.  An indictment is not evidence.  It has no bearing on innocence or guilt.  It is simply the charging document by which the government states the allegations it seeks to prove.  *See United States v. Smith*, Case No. 92-20011-01, 1993 U.S. Dist. LEXIS 6359, at

6

\*20 (D. Kan. Apr. 27, 1993) (unpublished) ("[T]he indictment is merely the government's formal accusation, is not evidence of any kind against a defendant, and does not create any presumption or permit any inference of guilt."). Mr. Emuveyan has not been convicted of any charges in the indictment and has pleaded not guilty. (Opp'n 3, Doc. No. 81.) The GRP Defendants simply presented no evidence Mr. Emuveyan engaged in the alleged internet venture or gained any earnings or income other than those disclosed in his discovery responses. Their suspicions based on the indictment and on Mr. Emuveyan's apparent difficulty obtaining a substantially similar job are not enough. Again, an allegation in an indictment is not proof.

At this juncture, where nothing has been proven against Mr. Emuveyan in his criminal case, there is no evidence he failed to properly respond or supplement his responses to discovery requests or deposition questions regarding the existence of the alleged internet venture and any funds received from it. Accordingly, there is no evidence Mr. Emuveyan committed perjury or violated the discovery rules with respect to this issue. The GRP Defendants' motion is DENIED insofar as it pertains to the existence of the internet venture, alleged funds received, and perjury.

B. <u>Sanctions</u>

As detailed above, Mr. Emuveyan violated the discovery rules by failing to supplement his interrogatory response to disclose the existence of the criminal case. The federal rules provide for sanctions when a party fails to disclose or supplement an earlier response and the failure is not substantially justified or harmless. Fed. R. Civ. P. 37(c). The court "is entrusted . . . [with] broad discretion" to determine whether a violation was justified or harmless. *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191–92 (10th Cir. 2009). If sanctions are appropriate, the court also enjoys "broad discretion" in awarding sanctions. Among other things, these sanctions can include prohibiting use of the information, requiring

payment of expenses, or informing the jury of the party's failure. *COP Coal Dev. Co. v. Rushton (In re C.W. Mining Co.)*, No. 2:10-cv-39, 2013 U.S. Dist. LEXIS 11239, at *17 (D. Utah Jan. 28, 2013) (unpublished); Fed. R. Civ. P. 37(c)(1).

   i. *Mr. Emuveyan's Conduct Warrants Sanctions*

  Mr. Emuveyan's violation is neither substantially justified nor harmless. Mr. Emuveyan knew of the criminal case against him at least as of his arrest in October 2020. As outlined above, Mr. Emuveyan bases his reasoning for not including the criminal case in his discovery response on an unreasonable interpretation of the interrogatory. To make matters worse, Mr. Emuveyan affirmatively verified his incomplete discovery responses in March 2021, five months after his arrest. Accordingly, Mr. Emuveyan's violation is not substantially justified.

  Neither is Mr. Emuveyan's violation harmless. By failing to disclose the case, Mr. Emuveyan deprived the GRP Defendants of the opportunity to conduct discovery on the existence of and facts surrounding the alleged internet venture and any funds received. The GRP Defendants contend that if they had known about the criminal case before the close of fact discovery, they would have inquired into the alleged internet venture and conducted additional discovery to confirm Mr. Emuveyan's prior responses. For example, they would have subpoenaed job applications from the companies he alleges he applied to for various jobs. The GRP Defendants also assert they would have explored issues about funds received because, depending on the nature of the alleged internet venture, any funds earned might offset the damages alleged.

  Mr. Emuveyan argues that even hypothetically assuming he did engage in the alleged internet venture, such action and any funds received have no bearing on this case. First, Mr. Emuveyan argues the alleged criminal venture has nothing to do with the facts of the case at

hand. (Opp'n 4, Doc. No. 81.) Second, Mr. Emuveyan contends it has no bearing on mitigation of damages because Mr. Emuveyan has already established he sought out other jobs, "fulfilling his responsibilities regarding the mitigation issue."[3] (*Id.* at 5.) Lastly, Mr. Emuveyan argues it is irrelevant whether he disclosed any funds from the alleged internet venture because the collateral source rule prevents the GRP Defendants from offsetting their damages with independent sources of compensation. (*Id.* at 6.) He argued further at the hearing that any alleged funds could not be considered income for offsetting purposes.

The GRP Defendants respond that the information regarding the alleged internet venture is relevant to Mr. Emuveyan's efforts to obtain new employment and the collateral source rule does not apply. (Reply 4–6, Doc. No. 89.) In any event, the GRP Defendants argue, Mr. Emuveyan cannot withhold responsive information on the basis that it would be inadmissible as collateral source. (*Id.* at 6.)

The parties' arguments illustrate exactly why Mr. Emuveyan's nondisclosure of the criminal case is harmful. It may be true that Mr. Emuveyan successfully mitigated his damages. It may also be true that funds received from the alleged internet venture, if any, may not be used to offset potential damages in this case. But those are issues relating to the merits of the case and admissibility of evidence. At this point, all that matters is relevance. And the information is relevant. The GRP Defendants are entitled to explore whether any funds are "income" and whether they can offset any future damages. The GRP Defendants are entitled to inquire into the time Mr. Emuveyan spent on this alleged internet venture, and to subpoena his job applications. This information is relevant to whether Mr. Emuveyan diligently sought new employment.

---

[3] Ironically, Mr. Emuveyan argues the GRP Defendants cannot show he failed to mitigate his damages while at the same time failing to disclose the very evidence which may cast doubt on that assertion.

Regardless of any potential offsetting or failing to mitigate, Mr. Emuveyan claims additional damages from a lack of funds to pay his mortgage or car payments, damage to his credit score, and the lack of money to send his family members for medicine. (Mot. 12, Doc. No. 75.) Whether Mr. Emuveyan received funds elsewhere is relevant to the credibility of and defense against these claims. The GRP Defendants are entitled to inquire about these topics. Because Mr. Emuveyan's failure to disclose is neither substantially justified nor harmless, sanctions are warranted.

   ii. <u>Mr. Emuveyan's Conduct Does Not Warrant Dismissal</u>

The GRP Defendants seek dismissal of the case or, in the alternative, an order finding Mr. Emuveyan intentionally failed to mitigate his damages; preventing Mr. Emuveyan from introducing evidence to rebut the GRP Defendants' argument that he failed to mitigate his damages; and/or unilaterally reopening fact discovery; as well as an award of attorneys' fees and costs. (Mot. 28–30, Doc. No. 75.) Both parties agree *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), lays out the relevant factors for whether dismissal is an appropriate sanction. (Mot. 19–20, Doc. No. 75; Opp'n 7, Doc. No. 81.) The *Ehrenhaus* factors are:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . .; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (internal quotation marks omitted). Dismissal is "a harsh sanction" and "is appropriate only in cases of willfulness, bad faith, or [some] fault of petitioner." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (internal quotation marks omitted).

Here, any prejudice to the GRP Defendants can be alleviated through lesser sanctions. The GRP Defendants argue they have been significantly prejudiced in terms of "incur[ring] significant unnecessary costs of litigation in discovery and [] depriving Defendants of key information necessary to support their defenses" as well as making "significant strategic decisions" based on Mr. Emuveyan's affirmative representations. (Mot. 20, 23, Doc. No. 75.) There is no question the failure to disclose the criminal case prejudiced the GRP Defendants by preventing them from serving discovery aimed at the alleged internet venture. But the nondisclosure does not relate to the underlying case. It is relevant only to the limited topic of damages. This stands in contrast to *Freddie v. Marten Transport, Ltd.*, 428 F. App'x 801, 802 (10th Cir. 2011) (unpublished), cited by the GRP Defendants. In *Freddie*, the withheld discovery was central to the case, as it related to whether the plaintiff's injuries resulted solely from the automobile accident as opposed to his preexisting condition. *Id.* Mr. Emuveyan's criminal case is wholly irrelevant to whether the GRP Defendants are liable, or to their degree of liability. It relates only to the amount of damages if Mr. Emuveyan prevails.

Unilaterally reopening discovery would neutralize the prejudice the GRP Defendants claim, as it would allow the GRP Defendants to seek the discovery they would have sought had Mr. Emuveyan disclosed the criminal case. While the GRP Defendants assert they incurred significant unnecessary costs in discovery, they did not establish they incurred those costs solely because Mr. Emuveyan failed to disclose the criminal case. Further, the GRP Defendants' outline of the additional discovery they would have propounded had they known of the criminal case, such as subpoenaing job applications, counters the claim of incurring additional discovery costs because of the nondisclosure. Lastly, because the criminal case only goes to the issue of damages and is unrelated to the GRP Defendants' liability, it is unlikely the GRP Defendants

incurred significant and unnecessary costs due to Mr. Emuveyan's nondisclosure. Therefore, factors one and five weigh against dismissal; there was little prejudice to the GRP Defendants and a lesser sanction can neutralize any prejudice the GRP Defendants suffered.

The second factor, the amount of interference with the judicial process, also weighs against dismissal. "Greater degrees of obstruction help justify a dismissal sanction." *King v. Fleming*, 899 F.3d 1140, 1151 (10th Cir. 2018). Here, the GRP Defendants focus their argument on Mr. Emuveyan's alleged falsified discovery responses and perjury regarding the facts of the criminal case. But, as explained above, there is no proof Mr. Emuveyan submitted false discovery responses or committed perjury. Mr. Emuveyan's only discovery violation was his failure to supplement his discovery response to include the criminal case. There is no indication Mr. Emuveyan submitted falsified testimony or documents to this court, *see King*, 899 F.3d at 1151–52, nor has he "repeatedly ignored court orders," *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993), or "failed to comply with a direct court order," *Ehrenhaus*, 965 F.2d at 921. Lastly, at this point, there are no inconsistencies in Mr. Emuveyan's discovery responses. *See Freddie*, 428 F. App'x at 804. Mr. Emuveyan's failure to supplement his interrogatory response is not without interference—it requires the court to deviate from its current scheduling order to reopen discovery. However, this interference is not so significant as to warrant dismissal.

The third factor, culpability of the litigant, is the only factor weighing in favor of dismissal. The Tenth Circuit has found culpability where the litigant "acted with willfulness, bad faith, and fault" and made calculated decisions for strategic use in litigation. *Xyngular v. Schenkel*, 890 F.3d 868, 874 (10th Cir. 2018). Mr. Emuveyan does not dispute that he was arrested on October 7, 2020, or that he verified his prior discovery responses on March 3, 2021 (responses which did not list the criminal case). (*See* Mot. 9, 15, Doc. No. 75; Opp'n 2, Doc.

No. 81.) There is no doubt that at least as of the time of his arrest, Mr. Emuveyan knew of the case against him. And he willfully and incorrectly verified his responses after this arrest. Accordingly, this factor weighs against him.

The fourth factor pertains to whether the court warned the party in advance that dismissal would be a likely sanction. It is undisputed that Mr. Emuveyan was not warned. (Mot. 27, Doc. No. 75.) The GRP Defendants argue Mr. Emuveyan relinquished any warning due to him by committing perjury. (*Id.*) But there is no evidence at this point that Mr. Emuveyan committed perjury. This factor weighs against dismissal. However, the court now affirmatively warns Mr. Emuveyan that future discovery violations may warrant dismissal.

Every *Ehrenhaus* factor, except the culpability of the litigant, calls for denial of the GRP Defendants' request for dismissal as a sanction. Here, the aggravating factors do not outweigh the "the judicial system's strong predisposition to resolve cases on their merits." *See Ehrenhaus*, 965 F.2d at 921. The "harsh sanction" of dismissal is not appropriate in this case. *See Chavez*, 402 F.3d at 1044.

The more appropriate sanction is to reopen discovery for the GRP Defendants so they may serve the discovery they would have propounded had Mr. Emuveyan timely disclosed the criminal case. To be clear, Mr. Emuveyan retains his Fifth Amendment right against self-incrimination. *See Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 686 (10th Cir. 1985) ("The individual petitioners unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege.") This order in no way requires Mr. Emuveyan to disclose information he believes may be incriminating. But regardless of whether Mr. Emuveyan responds or asserts his Fifth Amendment rights, the GRP Defendants are entitled to propound the discovery requests. Insofar as the GRP Defendants' motion seeks

dismissal of the case, their motion is DENIED but it is GRANTED insofar as it seeks the reopening of fact discovery.

## CONCLUSION

Defendants' motion is GRANTED in part and DENIED in part. Mr. Emuveyan violated the discovery rules when he failed to supplement his response to Interrogatory 20 after his arrest. At this point, there have been no other discovery violations. Accordingly, the court ORDERS:

1. Within seven (7) days, Mr. Emuveyan must supplement his response to the GRP Defendants' Interrogatory 20.

2. Fact discovery is reopened for sixty (60) days, for the GRP Defendants' only, to conduct discovery limited to that which they would have sought had the criminal case been timely disclosed.

DATED this 9th day of June, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge