UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OGHENETEGA EMUVEYAN,<br><br>     Plaintiff,<br><br>v.<br><br>STEVE EWING; GENEVA ROCK PRODUCTS INC., a Utah corporation; and CLYDE COMPANIES, INC., a Utah corporation,<br><br>     Defendants. | **MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING PROTECTED INFORMATION (DOC. NO. 54)**<br><br>Case No. 2:19-cv-00616-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendants Steve Ewing, Geneva Rock Products, Inc., and Clyde Companies, Inc. (collectively, the "GRP Defendants") Motion for Protective Order ("Mot.," Doc. No. 54). The court heard argument on the motion on May 17, 2021. Where the GRP Defendants have met their burden of establishing the documents at issue should remain confidential, and for the reasons stated at the hearing, the motion is GRANTED.

BACKGROUND

Plaintiff Oghenetega Emuveyan brought this action against the GRP Defendants alleging, in part, that they discriminated against him and treated him disparately based on his race and national origin, created a hostile work environment, wrongfully terminated him, and engaged in retaliation. (Compl., Doc. No. 2-1.)

Here, the GRP Defendants seek an order prohibiting Mr. Emuveyan from disclosing the GRP Defendants' confidential business information, including employee discipline records, internal human resources notes, and incident reporting forms. (Mot. 1, Doc. No. 54.) The GRP Defendants contend they have properly designated the records as confidential pursuant to the

standard protective order ("SPO") because "the documents contain information that was not intended for public distribution as they were created and utilized, and the documents, if disclosed, risk damaging Defendants' relationships with customers." (*Id.* at 2.) Alternatively, the GRP Defendants argue even if the confidential information does not fall within the SPO's protection, the documents merit protection to protect employees from embarrassment. (*Id.*)

Mr. Emuveyan opposes the motion, arguing the GRP Defendants have not meet their burden to establish the documents contain protected information. (Suppl. Br. in Supp. of Pl.'s Mem. in Opp'n to Defs.' Mot. for Protective Order ("Opp'n") 5, Doc. No. 67.) Even if the documents do contain protected information, Mr. Emuveyan contends the GRP Defendants have not established they will be harmed by their disclosure or that any potential harm outweighs the need for disclosure. (*Id.* at 6.) Lastly, even if the GRP Defendants can meet their burden, Mr. Emuveyan believes public disclosure of the documents is relevant and necessary, as they might later be used in a "potentially dispositive motion." (*Id.* at 6–7.)

## LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure permits the court, for good cause, to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The party seeking a protective order must satisfy a three-factor test. First, it must show that "the information sought is a trade secret or other confidential research, development, or commercial information." *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 248 (D. Kan. 2010). Second, the moving party must show how disclosure of the information "might be harmful." *Id.* at 249. Finally, the moving party must show the harm "outweighs the need for access." *Dig. Equip. Corp. v. Micro Tech., Inc.*, 142 F.R.D. 488, 491

(D. Colo. 1992). If the moving party satisfies these three requirements, the burden shifts to the party seeking the disclosure to establish the "disclosure is relevant and necessary." *Layne*, 271 F.R.D. at 249.

Neither party disputes that the court's SPO governs this case. (*See* Protective Order, Doc. No. 18.) The SPO defines "Protected Information" as "confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party." (*Id.* at 2.) "Confidential Information," the only designation at issue, is information that qualifies as protected information, but that is not restricted to "attorney's eyes only." (*Id.* at 3.) Pursuant to the SPO, a receiving party may challenge a designation at any time, and the SPO establishes the procedure to do so. (*Id.* at 10.) Ultimately, if the parties cannot resolve the issue themselves, the designating party may "move the court for a protective order or any other order to maintain the designation." (*Id.*)

## ANALYSIS

The GRP Defendants seek to maintain their confidential designation on approximately thirty-five documents. (Mot. 3–4, Doc. No. 54.) They assert these documents consist of seven categories of documents—employee discipline records, incident reports, financial and insurance claim information, private communications regarding insurance claims, internal human resource notes, diversity statistics, and information for internal use. (*Id.* at 6–9.)

At this stage, the GRP Defendants have met their burden. With respect to the first factor, the GRP Defendants contend the disputed records qualify as confidential commercial and private, internal company information. (*Id.*) And it is true that these categories of documents are generally the type of documents that "should be protected from unnecessary dissemination." *Hamilton v. Ogden Weber Tech. Coll.*, No. 1:16-cv-00048, 2017 U.S. Dist. LEXIS 192963, at

*13 (D. Utah Nov. 20, 2017) (unpublished).  Further, Mr. Emuveyan agrees at least some of the information in these documents warrants protection.  (Opp'n 3, Doc. No. 67.)  The GRP Defendants have satisfied the first prong.

Second, the court examines how the disclosure of the "information might be harmful." *Layne*, 271 F.R.D. at 249.  The GRP Defendants contend dissemination of these documents would provide customers and competitors with internal policy information and harm their relationship and reputation as well as impact their ability to negotiate favorable insurance rates. (Mot., Doc. No. 54.)  Further, the GRP Defendants believe dissemination would allow competitors to poach employees and customers and engage in adverse advertising.  (Defs.' Reply in Supp. of Mot. for Protective Order Regarding Protected Info. ("Reply") 6, Doc. No. 74.)  At this stage in litigation, in the context of a motion for protective order (as opposed to a motion to seal at the dispositive-motions stage), these general assertions are sufficient to meet the GRP Defendants' burden to establish disclosure of these documents might be harmful.

Lastly, the harm, at this stage, outweighs the need for access.  There are no documents at issue designated as attorneys-eyes only, and so Mr. Emuveyan has access to all the documents. (Reply 6, Doc. No. 74.)  As Mr. Emuveyan correctly points out there "is a strong presumption in favor of public access."  *Angilau v. United States*, No. 2:16-00992, 2017 U.S. Dist. LEXIS 197135, at *13 (D. Utah Nov. 29, 2017) (internal quotation marks omitted) (unpublished). However, that presumption primarily applies to judicial documents.  *Id.* at *12–13.  Here, where the disputed documents are neither filed with the court[1] nor connected to a dispute about a

---

[1] Mr. Emuveyan asserts that several of these documents were filed with his motion for spoliation. (*See* Opp'n 3, Doc. No. 67.)  However, he did not specify which of the designated documents were filed with the motion.  Both parties agreed at the hearing that judicial economy was best served by the court ruling on the motion with the documents as filed.  Accordingly, this assertion does not impact this analysis.

4

dispositive issue, there is little concern about "depriving the public of access to the records that inform [the court's] decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017). (*See* Opp'n 3–4, Doc. No. 67.)

Finally, Mr. Emuveyan has not established disclosure is relevant and necessary. Mr. Emuveyan argues public disclosure of the documents is necessary to his motion for spoliation, a potentially dispositive motion. (Opp'n 7, Doc. No. 67.) However, at the hearing, the parties agreed the court should decide the motion as filed. The public, then, has as much access to those records as the court.

If a party believes any document does not warrant disclosure, it may be addressed using the procedure set out in the SPO. As for documents necessary to future filings, if either party includes information from a confidential document in a filing, but believes this information does not warrant being filed under seal, the party may note in the motion to seal that the sole basis for the request is the opposing party's confidentiality designation. This will trigger the opposing party to file its own motion to seal, which the moving party will have an opportunity to oppose. *See* DUCivR 5-3(b).

<u>CONCLUSION</u>

The GRP Defendants' motion is GRANTED. At this stage in the litigation, the GRP Defendants may maintain the confidentiality designation on the listed categories of documents pursuant to the Standard Protective Order entered in this case. Because the designation is

maintained pursuant to the order already in place, the GRP Defendants' request for an alternative protective order maintaining the confidentiality of these documents is MOOT.

DATED this 23rd day of June, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge