UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OGHENETEGA EMUVEYAN,<br><br>　　　Plaintiff,<br><br>v.<br><br>STEVE EWING; GENEVA ROCK PRODUCTS INC., a Utah corporation; and CLYDE COMPANIES, INC., a Utah corporation,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART SHORT FORM DISCOVERY MOTION DISPUTING PLAINTIFF'S REQUESTED ATTORNEYS' FEES MADE PURSUANT TO ORDER (ECF 156) (DOC. NO. 186)**<br><br>Case No. 2:19-cv-00616-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

　　　In a previous order, the court awarded Mr. Emuveyan the attorneys' fees he incurred bringing a motion for sanctions regarding Defendant Geneva Rock Products, Inc.'s ("Geneva Rock") spoliation of documents. (*See* Mem. Dec. and Order Granting in Part and Den. in Part Pl.'s Mot. Regarding Spoliation of Docs. ("Spoliation Order"), Doc. No. 152.) The court ordered Mr. Emuveyan to submit a declaration to Geneva Rock reflecting the reasonable attorneys' fees incurred in connection with the motion, and ordered the affected parties to meet and confer as to the amount. Geneva Rock has now filed a motion disputing Plaintiff Oghenetega Emuveyan's requested attorneys' fees, ("Mot.," Doc. No. 186).[1]

　　　Geneva Rock asserts Mr. Emuveyan's fee request and declaration do not comply with the court's order because Mr. Emuveyan seeks attorneys' fees and costs for the entire case, not just

---

[1] The court determines no hearing is necessary and will rule based on the parties' written memoranda. *See* DUCivR 7-1(g).

1

those incurred in connection with the motion for spoliation. (*Id.* at 1.) In response, Mr. Emuveyan argues he is entitled to the totality of his attorneys' fees, because he would not have brought suit but for Geneva Rock's spoliation. (Pl.'s Opp'n to Defs.' Short Form Disc. Mot. Disputing Pl.'s Requested Att'ys' Fees Made Pursuant to Order (ECF 152) ("Opp'n"), Doc. No. 189.) Mr. Emuveyan's position is unfounded and procedurally improper.

ANALYSIS

The crux of the parties' dispute is Mr. Emuveyan's claim that he is entitled to the totality of his attorneys' fees for the entire case, rather than fees and costs incurred in connection with his motion for sanctions. Mr. Emuveyan bases his argument on the claim that but for Defendants' spoliation, he would never have pursued the case. (Opp'n 1–2, Doc. No. 189.) However, Mr. Emuveyan's argument that he is entitled to a substantially greater fee award than the court ordered is procedurally flawed and lacks support.

At the outset, Mr. Emuveyan's request is procedurally improper. After fully assessing the record evidence and each party's position, the court awarded Mr. Emuveyan the fees and costs incurred in connection with his motion for sanctions. (*See* Spoliation Order 23, Doc. No. 152.) A substantially greater fee award would amount to a post hoc, de facto amendment of this order. Due to Geneva Rock's spoliation of evidence, the court imposed a three-part sanction. (*Id.*) This three-part approach, which also included evidentiary and trial sanctions, balanced the harm caused by the spoliation and mediated the damage in a number of ways.[2] Awarding the

---

[2] Courts have "very broad discretion" in the imposition of sanctions. *Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655, 666 (10th Cir. 1991); *see also Helget v. City of Hays*, 844 F.3d 1216, 1225–26 (10th Cir. 2017). In its previous spoliation order, the court analyzed the facts and imposed appropriate sanctions. The portion of the sanction order awarding "attorneys' fees for the time spent bringing the motion for spoliation" was imposed in part to "compensate[] Mr. Emuveyan for economic prejudice he incurred." (Spoliation Order 23, Doc. No. 152.)

totality of attorneys' fees would significantly alter this balance. In his original motions for sanctions, Mr. Emuveyan asked the court to award the totality of his attorneys' fees and costs incurred to that point in the litigation. (*See* Pl.'s Mot. Regarding Spoliation of Docs. 20, Doc. No. 46.) The court rejected this approach, instead, limiting the fee award. No party objected to the court's order or findings. It is improper to now request a greater fee award than authorized.[3]

Mr. Emuveyan cites *Goodyear Tire & Rubber Company v. Haeger*, 137 S. Ct. 1178, ___ U.S. ___ (2017), in support of his argument that he should receive the totality of his costs and fees for the entire case. In *Goodyear Tire & Rubber Company*, the Supreme Court observed that "[i]n exceptional cases, the but-for standard even permits a trial court to shift all of a party's fees." *Id.* at 1187. And Mr. Emuveyan claims this is an exceptional case of discovery abuse. (Opp'n 2, Doc. No. 189.) But the court already considered the nature and extent of the discovery abuse in granting the original fee award and other sanctions. Moreover, it is unnecessary (and would be improper) to now consider whether Mr. Emuveyan has established that "but for" the spoliation he would not have brought suit—particularly where Mr. Emuveyan did not make this argument at the time of his original motion for sanctions.

Mr. Emuveyan also argues that even if he is not entitled to all of his attorneys' fees, he is entitled to recoup fees for more than the hours spent drafting the spoliation briefs. (Opp'n 2, Doc. No. 189.) But Geneva Rock's motion does not suggest Mr. Emuveyan is limited to claiming only the fees for time spent drafting the motion. No doubt, in connection with the motion, Mr. Emuveyan's counsel also had to conduct research, review documents, and prepare

---

[3] Even if this request were not otherwise flawed, it would be improper to seek this relief in an opposition. *See* DUCivR 7-1(a)(3).

for the hearing, among other tasks. Tasks connected with the motion for spoliation fall within the scope of the fee award.

The court awarded Mr. Emuveyan reasonable attorneys' fees incurred as a result of bringing the motion for spoliation: no more and no less. To the extent Geneva Rock's motion seeks an order for Mr. Emuveyan to resubmit a declaration reflecting only fees incurred in connection with the motion for spoliation, the motion is granted. However, the motion is denied to the extent it seeks an order barring Mr. Emuveyan from recovering the attorneys' fees previously ordered. Geneva Rock's request for attorneys' fees as a result of bringing the current motion is also denied—but any similar claim to fees by Mr. Emuveyan which clearly falls outside the scope of the court's spoliation order will be sanctioned with an award of fees to Geneva Rock.

## CONCLUSION

Geneva Rock's motion, (Doc. No. 186), is GRANTED in part and DENIED in part. The court ORDERS Mr. Emuveyan to submit a declaration to Geneva Rock reflecting the reasonable attorneys' fees incurred in connection with his prior spoliation motion. The parties are then ordered to meet and confer meaningfully and in good faith, and to submit a stipulated fee amount.

DATED this 5th day of January, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge