UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OGHENETEGA EMUVEYAN,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE EWING; GENEVA ROCK PRODUCTS INC., a Utah corporation; and CLYDE COMPANIES, INC., a Utah corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY ON DEFENDANTS' FINANCIAL CONDITION (DOC. NO. 209)**<br><br>Case No. 2:19-cv-00616<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Oghenetega Emuveyan seeks leave to conduct discovery on the financial conditions of Defendants Steve Ewing, Geneva Rock Products, Inc., and Clyde Companies, (collectively, "Defendants"). Mr. Emuveyan filed a complaint against Defendants alleging they discriminated and retaliated against him based on his race. (Compl., Doc. No. 2-1.) In his complaint, Mr. Emuveyan claims punitive damages. (*Id.* at 10.) As relevant to this claim, Mr. Emuveyan now asks leave to conduct discovery on Defendants' financial condition. (Pl.'s Mot. for Disc. on Defs.' Financial Condition ("Mot."), Doc. No. 209.) The court held a hearing on this motion on February 8, 2022. (Minute Entry, Doc. No. 243.) Because Mr. Emuveyan brought his motion after fact discovery closed and fails to show good cause to reopen discovery, the motion is denied.

LEGAL STANDARDS

The court has "broad discretion" in deciding discovery and scheduling matters. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also*

1

Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."). Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed App'x 57, 61 (10th Cir. 2009) (unpublished) (internal quotation marks omitted). The Tenth Circuit has identified several relevant factors for courts to consider when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4–6 (D. Utah June 9, 2021) (unpublished) (applying these factors to a motion to reopen discovery).

When a motion for extension is made after the deadline has passed, the court must also determine "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.'" *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (unpublished) (quoting *Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)).

## ANALYSIS

Although fact discovery is closed, Mr. Emuveyan seeks leave to conduct discovery on Defendants' financial condition, claiming it is relevant to his claim for punitive damages. (Mot.

4, Doc. No. 209.) According to Mr. Emuveyan, courts' approaches to the timing of such discovery vary. (*Id.* at 5.) Some courts permit this discovery without first requiring the plaintiff to establish a prima facie case of punitive damages, while others permit it only upon a showing that the claim for punitive damages is not "spurious." (*Id.*) Mr. Emuveyan argues this distinction is immaterial because he has sufficiently shown his claim is not spurious. Specifically, he contends the court's order sanctioning Defendants for discovery misconduct shows he has met this burden. (*Id.* at 5–6; *see also* Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Mot. Regarding Spoliation ("Spoliation Order"), Doc. No. 152.) At the hearing, Mr. Emuveyan argued the discovery misconduct demonstrates Defendants acted with malice or with reckless indifference to Mr. Emuveyan's federally protected rights, making the court-imposed sanctions relevant to his case in chief.

Defendants oppose the motion, arguing it is both untimely and premature—and is unsupported by good cause. (Opp'n to Pl.'s Mot. for Disc. on Defs.' Financial Condition ("Opp'n"), Doc. No. 213.) The motion is untimely, according to Defendants, because Mr. Emuveyan could have sought this discovery during the fact discovery period but failed to do so. (*Id.* at 1.) Defendants argue the motion is premature because Mr. Emuveyan has failed to allege or establish a prima facie case warranting punitive damages. (*Id.* at 8.) Finally, Defendants assert Mr. Emuveyan's proposed discovery is too vague.[1] (*Id.* at 5–6.) Mr. Emuveyan disputes Defendants' position, arguing the discovery cannot be both untimely and premature. (Reply in Support of Pl.'s Mot. for Disc. on Defs.' Financial Condition ("Reply") 4, Doc. No. 219.)

---

[1] Defendants also seek recovery of their attorneys' fees because Mr. Emuveyan failed to meet and confer prior to filing his motion as required by Local Rule of Civil Practice 37-1. (Opp'n 3–4, Doc. No. 213.)

3

Additionally, Mr. Emuveyan disagrees that a finding of good cause is necessary but argues he has made that showing nonetheless.[2] (*Id.*)

Although Mr. Emuveyan captions his motion as one seeking leave to take specific discovery, he actually seeks to reopen fact discovery for a limited purpose. Because the fact discovery deadline has passed, Mr. Emuveyan must establish both good cause and excusable neglect to reopen and extend this deadline.[3] Mr. Emuveyan's motion focuses on the relevance of this discovery, as opposed to the burdens he must meet to reopen discovery after the deadlines have passed. (*See, e.g., id.*) Although, at the hearing, Mr. Emuveyan summarily argued he established good cause to reopen discovery, he addressed none of the factors relevant to this determination. *See Smith*, 834 F.2d at 169. And many of these factors weigh against him. Although trial is not imminent, the fact discovery period closed in December 2020, more than a year ago.[4] (Order Granting Stipulated Mot. for Extension of Fact Disc. and Corresponding Deadlines, Doc. No. 41.) Mr. Emuveyan's request is clearly opposed. Mr. Emuveyan made no request for this discovery during the fact discovery period and filed no motions on the issue, calling into question his diligence. And where Mr. Emuveyan raised the issue of punitive damages in his complaint, the need for the discovery was foreseeable. The only *Smith* factor working in Mr. Emuveyan's favor relates to his claim that the discovery sought is likely to lead to evidence relevant to a punitive damages' determination. In other words, Mr. Emuveyan

---

[2] Although Mr. Emuveyan argues he has good cause to seek this discovery, he does not argue he has good cause to reopen fact discovery or extend the deadline. (Reply 4, Doc. No. 219.)

[3] Where Mr. Emuveyan fails to establish good cause to reopen discovery, the court does not address excusable neglect.

[4] The Defendants' extended fact discovery deadline closed in October 2021, (Am. Scheduling Order, Doc. No. 185), pursuant to the court's order on Defendants' sanctions motion, (Doc. No. 105).

wholly failed to establish good cause to reopen fact discovery under the relevant legal framework.

The cases Mr. Emuveyan relies upon do not change this analysis. For example, the decision Mr. Emuveyan cites most heavily, *Pipkin v. Acumen*, No. 1:18-cv-00113, 2020 U.S. Dist. LEXIS 75403 (D. Utah Apr. 28, 2020) (unpublished), is an order on a motion to compel responses to discovery requests. *Pipkin* did not address a request for discovery outside the fact discovery period. Instead, the court addressed whether the plaintiff needed to make a prima facie case of punitive damages before requesting the defendant's financial information. *Id.* at *3–4. After concluding a prima facia showing was necessary and finding the plaintiff met this standard, the court granted the plaintiff's motion to compel production of that information. *Id.* at *3–6. In other words, while the *Pipkin* court did address the standard a litigant must meet to seek financial discovery in connection with a punitive damage claim, it did not find such discovery could be sought at any time in the case, without regard to established deadlines. Likewise, *Equal Employment Opportunity Commission v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233 (E.D. Wis. 1996), addressed a motion to compel responses to discovery requests which had already been propounded. *Id.* at 235. Unlike in *Pipkin* and *Equal Employment Opportunity Commission*, Mr. Emuveyan has not made a motion to compel responses to discovery requests propounded within the fact discovery period. Accordingly, these cases do not inform the issue before the court: whether Mr. Emuveyan has established good cause to reopen fact discovery.

At the hearing, Mr. Emuveyan argued the court's spoliation order, (Doc. No. 152), justifies his request for discovery on punitive damages at this juncture because it shows his claim is not spurious. This argument fails for three reasons. First, Mr. Emuveyan presented no legal authority supporting the idea that a party's discovery misconduct (or a court's findings as to such

misconduct) is relevant to a punitive damages' claim. Mr. Emuveyan demands punitive damages in association with his discrimination[5] and retaliation[6] claims. (*See* Compl. ¶¶ 30, 35, 43, Doc. No. 2-1.) But Mr. Emuveyan has not shown how sanctions for discovery misconduct relate to punitive damages for the disparate treatment or retaliation he allegedly suffered while employed by Defendants. Second, the court's spoliation order cannot justify Mr. Emuveyan's request at this juncture because the order was issued on August 16, 2021, yet Mr. Emuveyan waited until November 30, 2021, to bring his motion. (*See* Spoliation Order, Doc. No. 152; Mot., Doc. No. 209.) If the spoliation order so clearly made the need for this discovery apparent, this delay in bringing the motion was unjustified. Third, as outlined above, regardless of whether the spoliation order affects the punitive damages' inquiry, Mr. Emuveyan made no attempt to establish good cause sufficient to reopen fact discovery.

## CONCLUSION

Mr. Emuveyan has not established good cause to reopen fact discovery for purposes of obtaining discovery on Defendants' financial condition. Therefore, his motion, (Doc. No. 209), is DENIED. Defendants' request for attorneys' fees is also DENIED because, as noted above,

---

[5] With regard to his discrimination claims, Mr. Emuveyan contends "Defendants' actions in regard to the disparate treatment of Plaintiff in comparison to other employees not in his protected class were in reckless disregard of Plaintiff's federally protected rights, and as such, Plaintiff is entitled to recover punitive damages in such amounts as a jury may determine at trial." (Compl. ¶¶ 30, 35., Doc. No. 2-1.)

[6] With regard to retaliation, Mr. Emuveyan claims "Defendants' unlawful conduct toward Plaintiff in violation of § 1981 was done with reckless disregard for his federally protected rights, and as such the Defendants should be subjected to punitive damages." (Compl. ¶ 43, Doc. No. 2-1.)

Mr. Emuveyan's motion is governed by Rules 6 and 16 of the Federal Rules of Civil Procedure, not by Local Rule of Civil Practice 37-1.

DATED this 15th day of February, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge