UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OGHENETEGA EMUVEYAN,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE EWING; GENEVA ROCK PRODUCTS INC., a Utah corporation; and CLYDE COMPANIES, INC., a Utah corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING RUZANNA EMUVEYAN'S MOTION FOR CIVIL CONTEMPT FINDING AND SANCTION AGAINST THE DEFENDANTS (DOC. NO. 164)**<br><br>Case No. 2:19-cv-00616<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Movant Ruzanna Emuveyan's Motion for Civil Contempt Finding and Sanction against the Defendants, ("Mot.," Doc. No. 164). Ms. Emuveyan, a nonparty, is the wife of Oghenetega Emuveyan, the plaintiff in this action. Ms. Emuveyan alleges the defendants violated the court's order prohibiting their use of her financial records during the pendency of her motion for protective order. (*Id.* at 1–2.) Where the defendants took reasonable steps to comply with the court's order, acted diligently, and any violation of the order was inadvertent, Ms. Emuveyan's motion is denied.[1]

BACKGROUND

Mr. Emuveyan brought this action against Steve Ewing, Geneva Rock Products Inc., and Clyde Companies, Inc., alleging they discriminated against him and treated him disparately based on his race and national origin, created a hostile work environment, wrongfully terminated

---

[1] No hearing is necessary; the court will rule based on the parties' written memoranda. *See* DUCivR 7-1(g).

1

him, and retaliated against him. (Compl., Doc. No. 2-1.) The defendants deny any discrimination and claim every employment action was taken "for legitimate non-discriminatory and non-retaliatory business reasons." (Answer 7–8, Doc. No. 9.)

Mr. Emuveyan seeks damages for past and future lost wages. In addition, he alleges damages due to his family's lack of funds, such as the inability to pay for his mother's and wife's (Ms. Emuveyan's) medical needs, loss of health insurance, and potential loss of his family's home and cars. (*See* Order Den. Nonparty Ruzanna Emuveyan's Mot. for a Protective Order ("Order Den. PO") 1, Doc. No. 178.) To defend against the alleged damages, the defendants issued subpoenas to the financial institutions identified in Mr. Emuveyan's credit report, and in various certificates of compliance in his criminal case. (*Id.* at 2.) The defendants later discovered the accounts were held individually or jointly by Mr. Emuveyan, Ms. Emuveyan, and/or their businesses. (*Id.*)

In response to the subpoenas, Ms. Emuveyan filed a motion seeking an order requiring the defendants to discard all information regarding the financial accounts she, alone, holds. (*Id.*; *see also* Nonparty Ruzanna Emuveyan Mot. for a Protective Order 7, Doc. No. 116.) On August 18, 2021, while Ms. Emuveyan's motion was pending, the court issued a docket text order stating: "Defendants may not use or distribute any financial records of Ruzanna Emuveyan that defendants may have received from the subpoenas at issue until the court rules on Non-party Ruzanna Emuveyan's Motion for a Protective Order." (Doc. No. 158.) The court subsequently denied Ms. Emuveyan's motion for a protective order. (Order Den. PO 6, Doc. No. 178.) Ms. Emuveyan now alleges the defendants violated the court's docket text order, and seeks a finding of contempt and an order imposing sanctions. (Mot. 1–2, Doc. No. 164.)

2

LEGAL STANDARDS

Courts unquestionably "have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). To establish civil contempt, a plaintiff must prove "by clear and convincing evidence [1] that a valid court order existed, [2] that the defendant had knowledge of the order, and [3] that the defendant disobeyed the order." *Fed. Trade Comm'n v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004) (internal quotation marks omitted). The violating party's "disobedience need not be 'willful,'" it may be sufficient for a party to fail "to be reasonably diligent and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. v. Bad Ass Coffee P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000). A "showing by clear and convincing evidence that all reasonable steps were taken in good faith to ensure compliance with the court order and that there was substantial compliance," is a valid defense to a motion for civil contempt. *Id.* at 1256 n.8; *see also T.Y. v. Bd. of Cnty. Comm'rs of Cnty. of Shawnee*, 912 F. Supp. 1424, 1428 (D. Kan. 1996) ("Technical or inadvertent violations of a court order do not support a finding of civil contempt.")

A magistrate judge's contempt authority is limited. Where a case is referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(a), such as this case, the magistrate judge lacks authority to independently address civil contempt. *Id.* § 636(e). Where the act at issue "constitutes a civil contempt, the magistrate judge shall . . . certify the facts to a district judge," and may issue an order to show cause requiring the violating party to appear before the district judge, who will then make findings and levy sanctions if warranted. *Id.* § 636(e)(6)(B)(iii). Put differently, the magistrate judge does not issue an order of contempt, but certifies the facts to the district judge. *Id.*; *Equal Emp. Opportunity Comm'n v. Midwest Health, Inc.*, No. 12-MC-240,

2013 U.S. Dist. LEXIS 52155, at *3– (D. Kan. Apr. 11, 2013) (unpublished). If the magistrate judge believes there is no basis for a civil contempt finding, she "may also decline[] to certify the conduct to the district court for a determination of contempt." *Equal Emp. Opportunity Comm'n*, 2013 U.S. Dist. LEXIS 52155, at *3–4 (internal quotation marks omitted). Similarly, if the violating party's explanation is satisfactory, a magistrate judge "may choose not to certify the matter for further proceedings." *Kee v. Fifth Third Bank*, No. 2:06-cv-602, 2010 U.S. Dist. LEXIS 88585, at *6 (D. Utah Aug. 4, 2010) (unpublished) (internal quotation marks omitted); *In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

ANALYSIS

Ms. Emuveyan alleges the defendants violated the August 18, 2021, docket text order prohibiting them from using or distributing the financial records obtained from the subpoenas at issue in her motion for a protective order. (Mot. 1–2, Doc. No. 164.) Ms. Emuveyan asserts the defendants distributed her financial records as Bates GRP004663 through GRP004832, after the docket text order was issued. (*Id.* at 2.) Where the facts are undisputed, an evidentiary hearing is not necessary.

The undisputed facts are as follows. The defendants propounded subpoenas on approximately twenty-five financial institutions, seeking records of Mr. and Ms. Emuveyan. (Defs.' Opp'n to Ruzanna Emuveyan's Mot. for Civil Contempt Finding and Sanction Against the Defs. ("Opp'n") 1, Doc. No. 168.) Ms. Emuveyan then brought her motion for a protective order. (Mot. for Protective Order, Doc. No. 116.) The defendants began receiving documents in response to the subpoenas around July 13, 2021. (Opp'n 1, Doc. No. 168 (citing Decl. of Peter N. Vanderhooft ("Vanderhooft Decl.") ¶ 2, Doc. No. 168-2).) Due to the pending motion for a protective order, the defendants decided not to produce Ms. Emuveyan's financial documents to

4

Mr. Emuveyan or the defendants' experts until resolution of the motion. (*Id.* (citing Decl. of Susan B. Motschiedler ("Motschiedler Decl.") ¶ 3, Doc. No. 168-1).) To facilitate this, Mr. Vanderhoof, a paralegal for the defense team, identified, coded, and indexed Ms. Emuveyan's financial records to prevent production. (*Id.* at 1–2 (citing Vanderhooft Decl. ¶ 4, Doc. No. 168-2).) Mr. Vanderhoof identified approximately seventy-three of Ms. Emuveyan's records to be withheld from production while her motion was pending. (*Id.* at 2 (citing Vanderhooft Decl. ¶ 4, Doc. No. 168-2).)

On August 18, 2021, the court prohibited the defendants from using or distributing any of Ms. Emuveyan's financial records received from the subpoenas until it issued a ruling on the motion for protective order. (Docket Text Order, Doc. No. 158.) After Mr. Vanderhoof's review of the documents, Ms. Motschiedler, an attorney from the defense team, spent an additional nine hours ensuring Ms. Emuveyan's financial records were not included in the discovery production. (Opp'n 2, Doc. No. 168 (citing Motschiedler Decl. ¶ 5, Doc. No. 168-1).) Ms. Motschiedler identified several additional documents pertaining to Ms. Emuveyan and provided a list of Bates Number ranges to the defendants' third-party vendor to remove from the production.[2] (*Id.* (citing Motschiedler Decl. ¶¶ 5–7, Doc. No. 168-1).) The documents at issue in this motion (Bates GRP004663 through GRP004832) were on the list Ms. Motschiedler gave to the third-party vendor. (*Id.* (citing Motschiedler Decl. ¶ 7, Doc. No. 168-1).) The third-party vendor confirmed Ms. Emuveyan's documents had been removed from the production set on August 30, 2021. (*Id.* at 3 (citing Motschiedler Decl. ¶ 9, Doc. No. 168-1; Decl. of Loni K. Miller ("Miller Decl.") ¶ 5, Doc. No. 168-3).)

---

[2] Notably, Ms. Motschiedler reviewed the documents set for production again after the court issued its docket text order. (Motschiedler Decl. ¶ 6, Doc. No. 168-1.)

The defendants created a unique access link for Mr. Emuveyan's counsel, April Hollingsworth, which allowed Ms. Hollingsworth (or someone using her email), to access the documents. (Opp'n 3, Doc. No. 168 (citing Vanderhooft Decl. ¶ 6, Doc. No. 168-2; Miller Decl. ¶ 6, Doc. No. 168-3).) Ms. Motschiedler sent Ms. Hollingsworth the link on August 31, 2021, with a cover letter explaining the defendants withheld documents related solely to Ms. Emuveyan or ETR Services LLC. (*Id.* (citing Motschiedler Decl. ¶¶ 10–11, Doc. No. 168-1).) The letter asked Ms. Hollingsworth to contact defense counsel immediately if they "inadvertently missed a document" covered by the court's order. (*Id.* (quoting Motschiedler Decl. ¶ 10, Doc. No. 168-1).) That night, Ms. Emuveyan emailed defense counsel, indicating she had discovered her financial records, Bates GRP004663 through GRP004832, within the production. (*Id.* at 4 (citing Motschiedler Decl. ¶ 13, Doc. No. 168-1).) Defendants' counsel emailed Ms. Hollingsworth the next morning, asking her to retract the identified documents from Mr. Emuveyan's possession. (*Id.* (citing Motschiedler Decl. ¶ 14, Doc. No. 168-1).)

The next day, defense counsel investigated how the documents were produced to Ms. Emuveyan. (*Id.* (citing Motschiedler Decl. ¶ 17, Doc. No. 168-1).) Defense counsel determined the third-party vendor misunderstood the instructions and removed only the first page of each Bates range cited, not the entire range. (*Id.* (citing Motschiedler Decl. ¶ 17, Doc. No. 168-1).) Defense counsel notified Mr. Emuveyan's counsel of the inadvertently produced documents. (*Id.* at 4–5 (citing Motschiedler Decl. ¶ 18, Doc. No. 168-1).)

Ms. Emuveyan does not dispute these facts. And these facts are sufficient to establish, by clear and convincing evidence, that the defendants took all reasonable steps to comply with the court's order. The defendants engaged in two, independent reviews of the document production to ensure Ms. Emuveyan's documents were not produced. Defense counsel specifically

6

instructed their third-party vendor to remove the documents at issue and the vendor confirmed the documents were removed. Almost immediately after becoming aware of the disclosure, defense counsel asked Mr. Emuveyan's counsel to retract the documents from Mr. Emuveyan. They also initiated an investigation and, upon learning the documents were not properly removed from the production, notified Mr. Emuveyan's counsel of the documents which should have been excluded. With these actions, the defendants took reasonable steps to comply with the court's order and acted with due diligence. Where the violation of the order was inadvertent, there is no basis for a civil contempt finding.

## CONCLUSION

There is no basis for a finding of contempt where the defendants took reasonable steps to comply with the court's order and the violation was inadvertent. Where there is no civil contempt, it is unnecessary to certify the facts to the district judge. Ms. Emuveyan's motion, (Doc. No. 164), is denied.

DATED this 25th day of April, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge