UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OGHENETEGA EMUVEYAN,<br><br> Plaintiff,<br><br>v.<br><br>STEVE EWING; GENEVA ROCK PRODUCTS INC., a Utah corporation; and CLYDE COMPANIES, INC., a Utah corporation,<br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM MOTION TO FIX AMOUNT OF SANCTION RE: ECF 152 (DOC. NO. 249)**<br><br>Case No. 2:19-cv-00616<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

 Plaintiff Oghenetega Emuveyan brought this action against Steve Ewing, Geneva Rock Products Inc. ("GRP"), and Clyde Companies, Inc., alleging, in part, they discriminated against him and treated him disparately based on his race and national origin, created a hostile work environment, wrongfully terminated him, and retaliated against him. (Compl., Doc. No. 2-1.)

 Mr. Emuveyan previously claimed the defendants spoliated critical evidence by failing to preserve documents and improperly altering and creating documents after becoming aware of Mr. Emuveyan's claim. (*See* Mem. Dec. and Order Granting in Part and Den. in Part Pl.'s Mot. Regarding Spoliation of Docs. ("Spoliation Order") 2, Doc. No. 152.) Mr. Emuveyan filed a motion for spoliation sanctions based on these allegations, which was granted in part and denied in part. (*See generally* Spoliation Order, Doc. No. 152.) Among other things, the court awarded Mr. Emuveyan reasonable attorneys' fees incurred as a result of bringing the motion for spoliation. (*Id.* at 25.) The parties could not agree on the fee award and this motion to set the

1

amount followed.[1] (Pl.'s Short Form Mot. to Fix Amount of Sanction Re: ECF 152 ("Mot."), Doc. No. 249.)

## BACKGROUND

In the Spoliation Order, the court awarded Mr. Emuveyan "reasonable attorneys' fees" incurred as a result of bringing the motion for spoliation. (Spoliation Order 23, 25, Doc. No. 152.) The court ordered Mr. Emuveyan to submit a declaration to the defendants reflecting the fees incurred. (*Id.* at 25.) The parties disagreed as to the scope of the fee award, and the defendants filed a short-form discovery motion as a result. (*See* Doc. No. 186.) After reviewing the briefing, the court reaffirmed the scope of the fee award: fees incurred because of the motion, no more and no less. (*See* Mem. Dec. and Order Granting in Part and Den. in Part Short Form Disc. Mot. Disputing Pl.'s Requested Atty's Fees Made Pursuant to Order ("First Fee Order") 2, 4, Doc. No. 225.) In his current motion, Mr. Emuveyan asserts his requested fee amount reflects the removal of billing entries unconnected with the spoliation motion. (Mot. 1, Doc. No. 249.) After removing unrelated entries, Mr. Emuveyan claims the fees he incurred as a result of the spoliation motion total $102,850 in attorneys' fees and $4,693.20 in costs. (*Id.* at 1–2; Emuveyan Decl., Doc. No. 249-1.) GRP contends Mr. Emuveyan has not established the fees he seeks are connected to the motion for spoliation. (Defs.' Resp. to Pl.'s Short Form Mot. to Fix Amt. of Sanction ("Opp'n"), Doc. No. 254.) GRP disputes Mr. Emuveyan is entitled to the amount requested.

---

[1] No hearing is necessary; this ruling is based on the parties' written memoranda. *See* DUCivR 7-1(g).

2

LEGAL STANDARD

Courts have "very broad discretion" in the imposition of sanctions, including awards of attorneys' fees. *Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655, 666 (10th Cir. 1991); *Pepe v. Casa Blanca Inn & Suites LLC*, No. 18-cv-476, 2020 U.S. Dist. LEXIS 161469, at *6 (D.N.M. Apr. 10, 2020) (unpublished); *see also Helget v. City of Hays*, 844 F.3d 1216, 1225–26 (10th Cir. 2017). To determine an award of attorneys' fees, courts generally utilize the lodestar method, in which they multiply the hours counsel "reasonably spent on the litigation by a reasonable hourly rate."[2] *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998) (internal quotation marks omitted); *see also Webb v. Cty. of Stanislaus*, No. 2:21-mc-00696, 2022 U.S. Dist. LEXIS 78387 (D. Utah Apr. 29, 2022) (utilizing the lodestar method for calculating attorneys' fees as a discovery sanction).

The party seeking the fee award "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Case by Case*, 157 F.3d at 1249 (internal quotation marks omitted). A party may meet its burden by "submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* at 1250. The "essential goal" is to do "rough justice, not to achieve auditing

---

[2] Both parties agree the court may choose the method it uses to calculate the fees. (Reply in Supp. of Pl.'s Short Form Mot. to Fix Amt. of Sanction re: 152 ("Reply") 2, Doc. No. 265; Defs.' Sur-Reply Re Pl.'s Short Form Mot. to Fix Amt. of Sanction Re: 152 ("Sur-Reply") 2, Doc. No. 277.)

3

perfection." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1187 (2017) (internal quotation marks omitted).

## ANALYSIS

The focus of the parties' dispute is narrow. There is no dispute as to Mr. Emuveyan's attorneys' billing rates or the overall amount of time spent on various tasks. The parties only dispute whether the billing entries provided by Mr. Emuveyan demonstrate the fees were incurred as a result of the motion for spoliation—whether the fees fall within the scope of the fee award.

GRP contends Mr. Emuveyan is entitled to only a portion of the fees he seeks—namely $32,264.50. (Opp'n 1–2, Doc. No. 254.) According to GRP, this amount correlates with thirty-seven billing entries reflecting time spent in connection with the motion for sanctions. (*Id.* at 3.) GRP argues the remaining 204 entries either reflect time spent on general discovery and litigation, are too vague, or are "block bills" which lack sufficient specificity. (*Id.*; Sur-Reply 3, Doc. No. 277.)

Mr. Emuveyan counters that his amended billing entries reflect only tasks connected with the spoliation motion. (Mot. 1, Doc. No. 249.) He contends none of the entries are block bills and argues the Tenth Circuit does not require a reduction or denial of fees based on block billing. (Reply 3, Doc. No. 265.) Mr. Emuveyan also asserts he has gone beyond what is required and submitted both affidavits and billing records, where an affidavit alone suffices. (Mot. 2, Doc. No. 249 (citing *Fatpipe Networks India Ltd. v. XRoads Networks, Inc.*, No. 2:09-cv-00186, 2012 U.S. Dist. LEXIS 30887, at *3 (D. Utah Mar. 6, 2012) (unpublished)).) Lastly, Mr. Emuveyan argues that where he provided unchallenged affidavits stating that but for the spoliation, he

4

would not have incurred these costs, GRP's challenge to his entries related to general litigation and discovery are meritless. (Reply 3, Doc. No. 265.)

Two related factors limit the fee award available to Mr. Emuveyan. First, the sanctions order itself limits the award to reasonable attorneys' fees incurred for the *time spent bringing the motion for spoliation*. (Spoliation Order 23, 25, Doc. No. 152.) Second, legally, the award is limited to fees incurred because of the spoliation / discovery misconduct. *See Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186. The fee award is limited to those "legal bills that the litigation abuse occasioned." *Id.* Anything more would be punitive in nature and would require additional procedural guarantees. *Id.* Fees for work which would have been completed regardless of the sanctioned conduct cannot be recovered. *Id.* at 1187. Thus, "[t]he court's fundamental job is to determine whether a given legal fee . . . would or would not have been incurred in the absence of the sanctioned conduct." *Id.*

A review of the affidavits and billing records show Mr. Emuveyan is not entitled to recover the total fees he requests, as he has not established many of the tasks billed fall within the scope of the fee award. Although there is no dispute as to Mr. Emuveyan's counsels' billing rates or hours expended, Mr. Emuveyan has the burden to establish he is entitled to the fees he seeks. *See Case by Case*, 157 F.3d at 1249 ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." (internal quotation marks omitted)). Accordingly, Mr. Emuveyan must prove the fees he seeks were incurred because of the motion for spoliation and do not reflect work which would have been completed regardless of the sanctioned conduct. *See Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186–87.

To meet its burden, the party seeking fees must prove the number of hours spent. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233-34 (10th Cir. 2000) ("The party requesting attorney fees bears the burden of proving the amount of hours spent on the case . . . ."); *see also Sussman v. Patterson*, 108 F.3d 1206, 1212 (10th Cir. 1997) ("With respect to the amount of time claimed, the party seeking attorneys' fees bears the burden of proving and establishing the reasonableness of each dollar, each hour, above zero." (internal quotation marks omitted)). In a declaration appended to the motion, Mr. Emuveyan's counsel asserts all time entries unconnected to seeking evidence of spoliation were redacted and the unredacted billing records, in her opinion, reflect tasks completed in connection with the spoliation motion. (Hollingsworth Decl. ¶ 12, Doc. No. 249-1 at 6.)

But a review of the billing records reveals entries which cannot fairly be considered to be connected with the spoliation motion. For example, Mr. Emuveyan seeks fees related to drafting discovery responses, (Billing Records, Doc. No. 249-1 at 63), and drafting and preparing for the hearing on the motion to compel, (*id.* at 38, 40). An opinion statement of counsel as to whether the entries are connected with the motion is insufficient where the billing records themselves do not entirely support that statement. *Cf. Case by Case*, 157 F.3d at 1251 ("The district court is not bound by the opinions of the parties regarding the reasonableness of the time they spent on the litigation."). In this case, where the award is strictly limited to fees incurred as a result of bringing the spoliation motion, Mr. Emuveyan must prove the number of hours spent *related to that motion*.[3] The fees requested are addressed by category below.

---

[3] The parties disagree on the effect of block billing (including multiple tasks in a single billing entry). (*See* Reply 3, Doc. No. 265; Sur-Reply 4, Doc. No. 277.) Regardless of how tasks are billed, the entries must allow the court to assess the time allotted to specific tasks. *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000). In its discretion, a court "may use estimates in calculating and allocating an attorney's time," deciding, for example, that a category

I. <u>Drafting Briefs</u>

The drafting of the spoliation briefs falls within the fee award. The same can be said of tasks directly related to the drafting, such as researching and reviewing documents establishing spoliation.

One of Mr. Emuveyan's attorneys, Katie Panzer, billed 11.5 hours to review and edit the spoliation pleadings. (Hollingsworth Decl. ¶ 14, Doc. No. 249-1 at 7.) Another attorney, April Hollingsworth, billed 32.9 hours to review documents and draft the initial motion for spoliation,[4] 5.7 hours on the reply, 2.1 hours on the notice of supplemental authority, 7.1 hours on the supplemental memorandum, and 6.3 hours reviewing metadata and preparing a motion to supplement. (*Id.* ¶ 18.) These fees, totaling $25,056, are awarded in full.

| Atty | Task | Time | Percent awarded | Amt | Cite | Total |
|---|---|---|---|---|---|---|
| KP | Reviewing and editing pleadings | 11.5 | 100 | $2,875 | Hollingsworth Decl. ¶ 14, Doc. 249-1, at 7 | |
| AH | Review documents and draft initial motion | 32.9 | 100 | $13,489 | Hollingsworth Decl. ¶ 18, Doc. 249-1, at 7 | |
| AH | Reply | 5.7 | 100 | $2,337 | Hollingsworth Decl. ¶ 18, Doc. 249-1, at 7 | |
| AH | Supplemental authority | 2.1 | 100 | $861 | Hollingsworth Decl. ¶ 18, Doc. 249-1, at 7 | |
| AH | Supplemental memoranda | 7.1 | 100 | $2,911 | Hollingsworth Decl. ¶ 18, Doc. 249-1, at 7 | |

---

(or a percentage of it) is attributable to the sanctionable conduct. *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1187. As noted below, in some instances, it is possible determine all tasks in a block billing entry are related to the spoliation motion. In other instances, it is possible to estimate the percentage attributable to the sanctionable conduct, based on the extensive spoliation and sanctions litigation in the case.

[4] It is of no consequence that Ms. Hollingsworth does not differentiate between the time drafting the initial motion and reviewing documents because both tasks relate to the spoliation motion.

| Atty | Task | | | | | |
|---|---|---|---|---|---|---|
| AH | Reviewing metadata and preparing motion to supplement | 6.3 | 100 | $2,583 | Hollingsworth Decl. ¶ 18, Doc. 249-1, at 7–8 | |
| | | | | | | $25,056 |

II. <u>Hearing Preparation and Attendance</u>

Ms. Hollingsworth billed 9.7 hours to prepare for and appear at the hearing on the motion for spoliation. (Hollingsworth Decl. ¶ 14, Doc. No. 249-1 at 7.) However, the hearing consisted of three motions: the motion for spoliation, Defendants' motion for sanctions, and Defendants' motion for a protective order. (*See* Min. Entry, Doc. No. 98.) Because Mr. Emuveyan's motion for sanctions was the most complex and time-consuming of the three motions, it is reasonable to award Mr. Emuveyan three-quarters of the time spent preparing for and attending the hearing. This amounts to $2,982.75.

| Atty | Task | Time | Percentage awarded | Amt | Cite | Total |
|---|---|---|---|---|---|---|
| AH | Prepare for and attend hearing | 9.7 | 75 | $2,982.75 | Hollingsworth Aff. ¶ 18, Doc. 249-1, at 7 | |
| | | | | | | $2,982.75 |

III. <u>Beehive and Teamster Union Documents</u>

Believing the documents Defendants produced to be inaccurate, Mr. Emuveyan subpoenaed documents from Beehive Insurance and the Teamsters Union. (Emuveyan Decl. ¶ 11, Doc. No. 249-1, at 3; *see also* Hollingsworth Decl. ¶ 14, Doc. No. 249-1, at 7.) These subpoenas resulted in the production of more than 15,000 documents. (Emuveyan Decl. ¶ 11,

Doc. No. 249-1.) Fees associated with requesting and reviewing these documents amount to $4,902.25 and are reasonably related to the motion for spoliation.[5]

| Date | Atty | Task | Time | Percent awarded | Amt | Cite | Total |
|---|---|---|---|---|---|---|---|
| 11/23/20 | KP | Beehive documents | .3 | 100 | $75 | Billing Entries, Doc. 249-1, at 47 | |
| 11/23/20 | KP | Beehive documents | .3 | 100 | $75 | Billing Entries, Doc. 249-1, at 47 | |
| 11/23/20 | KP | Email re Beehive documents | .2 | 100 | $50 | Billing Entries, Doc. 249-1, at 47 | |
| 11/23/20 | KP | Beehive documents | 2.1 | 100 | $525 | Billing Entries, Doc. 249-1, at 47 | |
| 11/23/20 | AH | Beehive documents | .6 | 100 | $246 | Billing Entries, Doc. 249-1, at 48 | |
| 11/21/20 | AH | Email re Beehive documents | .2 | 100 | $82 | Billing Entries, Doc. 249-1, at 48 | |
| 10/20/20 | KP | Beehive documents | 1 | 100 | $250 | Billing Entries, Doc. 249-1, at 51 | |
| 10/20/20 | KP | Beehive documents | 3.2 | 100 | $800 | Billing Entries, Doc. 249-1, at 51 | |
| 10/19/20 | KP | Beehive documents | 1 | 100 | $250 | Billing Entries, Doc. 249-1, at 51 | |
| 10/15/20 | KP | Beehive documents | 1.3 | 100 | $325 | Billing Entries, Doc. 249-1, at 52 | |
| 10/8/20 | AH | Beehive documents | 2.5 | 100 | $1025 | Billing Entries, Doc. 249-1, at 52 | |
| 9/14/20 | AH | Email and phone call re Beehive documents | .6 | 100 | $246 | Billing Entries, Doc. 249-1, at 54 | |
| 8/13/20 | AH | Teamsters documents | .5 | 100 | $205 | Billing Entries, Doc. 249-1, at 57 | |
| 8/4/20 | AH | Teamsters email | 2.5 | 25[6] | $256.25 | Billing Entries, Doc. 249-1, at 58 | |

---

[5] A percentage of two block-billing entries have been awarded as estimates of the tasks within the block attributable to the sanctioned conduct. Both block entries include tasks unrelated to the motion for spoliation. The authorized amounts reflect an estimate of the time related to the spoliation motion.

[6] This entry is reduced to a reasonable percentage estimate because Mr. Emuveyan did not show all tasks within the billing entry relate to the spoliation motion. There is a reference to the

| Date | Atty | Description | Hours | % | Amount | Source | |
|---|---|---|---|---|---|---|---|
| 7/27/20 | AH | Email and calls to union | .4 | 100 | $164 | Billing Entries, Doc. 249-1, at 59 | |
| 7/22/20 | AH | Beehive and Teamsters subpoenas | 1.2 | 50[7] | $246 | Billing Entries, Doc. 249-1, at 59 | |
| 7/13/20 | AH | Email re Beehive subponea | .2 | 100 | $82 | Billing Entries, Doc. 249-1, at 61 | |
| | | | | | | | $4,902.25 |

### IV. Deposition Fees

Mr. Emuveyan seeks attorneys' fees related to preparing for and attending various depositions. Specifically, he contends he would not have deposed Mr. Ewing, Ms. Powell, or conducted the Rule 30(b)(6) depositions of GRP or Clyde Companies if Defendants had not spoliated evidence. (Emuveyan Decl. ¶ 10, Doc. No. 249-1, at 3.) There is no doubt these depositions were relevant to the spoliation issue and Mr. Emuveyan's counsel spent time during the depositions inquiring into spoliation. (*See, e.g.*, Spoliation Order 9, 11, Doc. No. 152.) But for the claim that Mr. Emuveyan would not have conducted these depositions—absent the spoliation—to be tenable, more is needed than the client's statement. After all, it is counsel who is responsible for legal strategy in prosecution of the case, not the client. *Cf. Ransmeier v. Mariani*, 718 F.3d 64, 71 (2d Cir. 2013) ("[A]lthough clients are responsible for dictating the ultimate goals of a lawsuit, . . . we recognize that attorneys often have considerable latitude in the exercise of their professional judgment to design litigation strategies to achieve those goals."). And the affidavit of Ms. Emuveyan's counsel contains no similar claims. Indeed, Ms.

---

Teamster Union subpoena, but the remainder of the entry relates to deposition exhibits, which were not shown to be related to spoliation.

[7] This entry is reduced to a reasonable percentage estimate because Mr. Emuveyan did not show "draft fourth set of discovery," or "email opp counsel" relate to the spoliation motion.

10

Hollingsworth notes only that she spent time asking questions related to spoliation in each of the depositions—not that the entirety of the depositions were related to (or solely because of) spoliation. (Hollingsworth Decl. ¶ 19, Doc. No. 249-1, at 8.) Without more than the client's statement, it is unrealistic to think Ms. Hollingsworth, an experienced employment litigator, (*see id.* ¶ 5), would completely forgo depositions of three named defendants (including two Rule 30(b)(6) depositions) in a heavily litigated employment case, but for spoliation. In the absence of a statement *by counsel* avowing this, Mr. Emuveyan's claim is not decisive of the issue.

Where these depositions were related in part to spoliation, partial fees are awarded. In recognition of the role the depositions played in uncovering the spoliation, Mr. Emuveyan is entitled to twenty-five percent of his fees for entries specifically associated with the depositions of Maggie Powell and Steven Ewing, and the Rule 30(b)(6) depositions of GRP and Clyde Company. This amount equals $6,200.07.[8] Similarly, Mr. Emuveyan is awarded twenty-five percent of his costs associated with these depositions, which equals $1,173.30.

| Date | Atty | Task | Time | Percent awarded | Amt | Cite | Total |
|---|---|---|---|---|---|---|---|
| 10/27/20 | AH | Conduct Ewing deposition and phone call with client | 9.5 | 25 | $973.75 | Billing Entries, Doc. 249-1, at 50 | |
| 10/26/20 | AH | Prep Ewing deposition | 3.8 | 25 | $389.50 | Billing Entries, Doc. 249-1, at 50 | |
| 10/26/20 | KP | Email re Ewing depo deposition | .1 | 25 | $6.25 | Billing Entries, | |

---

[8] A percentage of three block-billing entries have been awarded as estimates of the tasks within the block attributable to the sanctioned conduct. These block entries include tasks unrelated to the motion for spoliation. The authorized amounts reflect an estimate of the time related to the spoliation motion.

11

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | Doc. 249-1, at 51 | |
| 10/26/20 | KP | Email re Ewing deposition | .1 | 25 | $6.25 | Billing Entries, Doc. 249-1, at 51 | |
| 10/22/20 | AH | GRP 30(b)(6) deposition | 9.2 | 25 | $943 | Billing Entries, Doc. 249-1, at 51 | |
| 10/21/20 | AH | Clyde Co deposition | 5 | 25 | $512.50 | Billing Entries, Doc. 249-1, at 51 | |
| 10/21/20 | AH | Prep GRP deposition | 5.3 | 25 | $543.25 | Billing Entries, Doc. 249-1, at 51 | |
| 10/20/20 | AH | Prep Clyde Co deposition | 5.5 | 25 | $563.75 | Billing Entries, Doc. 249-1, at 51 | |
| 9/8/20 | AH | Review client ideas for Ewing deposition | .5 | 25 | $51.25 | Billing Entries, Doc. 249-1, at 55 | |
| 6/29/20 | AH | Draft questions for Ewing deposition | 5 | 25% of 33.33%[9] | $170.82 | Billing Entries, Doc. 249-1, at 63 | |
| 6/10/20 | AH | Review Powell transcript and sent to client | .5 | 25 | $51.25 | Billing Entries, Doc. 249-1, at 64 | |
| 6/8/20 | AH | Emails to opposing counsel and reporter re Powell | .3 | 25 | $30.75 | Billing Entries, Doc. 249-1, at 64 | |

---

[9] This entry is initially reduced by two-thirds (in estimate) because Mr. Emuveyan did not show all tasks within the billing entry relate to the spoliation motion. There is a reference to drafting discovery requests and supplemental discovery responses—in addition to drafting questions for Mr. Ewing's deposition. Mr. Emuveyan is awarded twenty-five percent of the remaining thirty-three percent.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | deposition exhibits | | | | |
| 5/27/20 | AH | Conduct Maggie Powell deposition | 6.4 | 25 | $656 | Billing Entries, Doc. 249-1, at 65 |
| 5/26/20 | AH | Draft deposition outline and review documents[10] | 7.8 | 25 | $799.50 | Billing Entries, Doc. 249-1, at 65 |
| 5/25/20 | AH | Review documents draft; draft Powell outline | 3.4 | 25 | $348.50 | Billing Entries, Doc. 249-1 at 65 |
| 5/20/20 | AH | Email re Powell deposition | .2 | 25 | $20.50 | Billing Entries, Doc. 249-1 at 65 |
| 5/19/20 | AH | Draft Powell deposition notice | .3 | 25% of 33.33%[11] | $10.25 | Billing Entries, Doc. 249-1 at 66 |
| 5/8/20 | AH | Email re Powell deposition | .1 | 25 | $10.25 | Billing Entries, Doc. 249-1 at 66 |
| 5/7/2020 | AH | Review documents re Powell deposition | .5 | 25 | $51.25 | Billing Entries, Doc. 249-1 at 66 |
| 4/23/20 | AH | Email re Powell deposition and phone call | .3 | 25 | $30.75 | Billing Entries, Doc. 249-1 at 66 |

---

[10] Despite its lack of specificity, this entry is reasonably related to Maggie Powell's deposition, as it occurred the day before to her deposition.

[11] This entry is first reduced by two-thirds (in estimate) because Mr. Emuveyan did not show all tasks within the billing entry relate to the spoliation motion. There is a generic reference to reviewing documents produced and emailing Mr. Emuveyan. Mr. Emuveyan is awarded twenty-five percent of the remaining thirty-three percent.

13

| Date | Attorney | Description | Hours | Rate | Amount | Source | Total |
|---|---|---|---|---|---|---|---|
| 4/22/20 | AH | Email client re Powell deposition | .1 | 25 | $10.25 | Billing Entries, Doc. 249-1 at 66 | |
| 4/21/20 | AH | Ewing deposition notice | .6 | 25% of 33.33%[12] | $20.50 | Billing Entries, Doc. 249-1 at 67 | |
| | | | | | | | $6,200.07 |
| 11/11/20 | Cost | 30(b)(6) deposition | $1,553.05 | 25 | $388.26 | Billing entries Doc. 249-1, at 10 | |
| 8/4/20 | Cost | Powell depo transcript | $1,478.75 | 25 | $369.69 | Billing entries Doc. 249-1, at 10 | |
| 1/7/20 | Cost | Ewing depo transcript | $1,661.40 | 25 | $415.35 | Billing entries Doc. 249-1, at 10 | |
| | | | | | | | $1,173.30 |

V.     <u>Fees Associated with Fee Recovery</u>

Mr. Emuveyan also seeks fees associated with time spent calculating and recovering fees. (*See* Hollingsworth Decl. ¶ 14, Doc. 249-1 at 7; Billing Entries, Doc. 249-1 at 14–16.) Courts can award reasonable fees incurred for work performed in "preparing and presenting the fee application." *Case by Case*, 157 F.3d at 1254; *see also Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-cv-00032, 2021 U.S. Dist. LEXIS 15091, at *52–53 (D. Utah Jan. 26, 2021) (unpublished) ("The Tenth Circuit generally allows recovery of fees for an attorney's work in seeking attorney's fees."); *Ad Astra Recovery Servs. v. Heath*, No. 18-1145, 2020 U.S. Dist. LEXIS 133942, at *25 (D. Kan. July 29, 2020) (unpublished) (awarding fees incurred in a fee motion resulting from a discovery sanction). But this is not without limit. A

---

[12] This entry is first reduced by two-thirds (in estimate) because Mr. Emuveyan did not show all tasks within the billing entry relate to the spoliation motion, including for example, the referenced phone calls with Mr. Emuveyan. Mr. Emuveyan is awarded twenty-five percent of the remaining thirty-three percent.

court has discretion to reduce an award because not every hour spent on a fee award is necessarily reasonable or compensable. *See Parker v. CitiMortgage, Inc.*, 987 F. Supp. 2d 1224, 1237 (D. Utah 2013).

Mr. Emuveyan's first requested fee amount was largely unsupported. (*See* First Fee Order 2–3, Doc. No. 225.) Although he is not being awarded the full amount sought now, he is entitled to more than GRP claims. In light of the Tenth Circuit's general rule allowing fees related to reasonable fee recovery and Mr. Emuveyan's limited success on his fee motions, he is entitled to twenty percent of the fees incurred in seeking recovery. This amounts to $1,206.60.

| Date | Atty | Task | Time | Percent awarded | Amt | Cite | Total |
|---|---|---|---|---|---|---|---|
| 9/22/21 | AH | Draft fee declaration; review billing records | 2.8 | 20 | $229.60 | Billing Entries, Doc. No. 249-1, at 14 | |
| 9/21/21 | AH | Review and compile records for fee request | 3.5 | 20 | $287 | Billing Entries, Doc. No. 249-1, at 14 | |
| 9/13/21 | AH | Review emails from client, counsel, to ensure captured in billing | 4.5 | 20 | $369 | Billing Entries, Doc. No. 249-1, at 15 | |
| 9/9/21 | KP | Review attorneys' fees | 1.5 | 20 | $75 | Billing Entries, Doc. No. 249-1, at 15 | |
| 9/6/21 | AH | Phone call with client re fee request, review and compile time records | 3 | 20 | $246 | Billing Entries, Doc. No. 249-1, at 16 | |
| | | | | | | | $1,206.60 |

15

VI.   Miscellaneous Entries

The following entries address billing records not captured in the categories above, but which (based on the descriptions) were reasonably incurred due to the spoliation motion.

| Date | Atty | Task | Time | Percent awarded | Amt | Cite | Total |
|---|---|---|---|---|---|---|---|
| 6/1/21 | AH | Call w/ client re spoliation | .4 | 100 | $164 | Billing Entries, Doc. 249-1, at 24 | |
| 5/30/21 | AH | Review email from client re prejudice | .2 | 100 | $82 | Billing Entries, Doc. 249-1, at 24 | |
| 5/24/21 | AH | Phone call with client; draft list of drivers to send to opposing counsel | 1 | 100 | $410 | Billing Entries, Doc. 249-1, at 24 | |
| 3/22/21 | KP | Email from AH re supp legal authority | .1 | 100 | $25 | Billing Entries, Doc. 249-1, at 32 | |
| 3/22/21 | AH | Review emails from client, case law re: spoliation | .6 | 100 | $246 | Billing Entries, Doc. 249-1, at 32 | |
| 3/19/21 | KP | Email and docs from client re spoliation issues | .4 | 100 | $100 | Billing Entries, Doc. 249-1, at 33 | |
| 3/19/21 | AH | Phone call with KP re reply | .6 | 100 | $246 | Billing Entries, Doc. 249-1, at 33 | |
| 3/18/21 | KP | Email from client re spoliation motion | .2 | 100 | $50 | Billing Entries, Doc. 249-1, at 33 | |
| 1/15/21 | AH | Emails with client re spoliation; | .8 | 10[13] | $32.80 | Billing Entries, Doc. 249-1, at 40 | |

---

[13] This entry is reduced to a reasonable percentage estimate because Mr. Emuveyan did not show all tasks within the billing entry relate to the spoliation motion. In addition, time spent reviewing documents is already captured in the first fee category. (*See supra* Part I; Hollingsworth Decl. ¶ 18, Doc. No. 249-1 at 7.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | review docs produced by Defendants | | | | | |
| 1/14/21 | AH | Review email from client re sanctions | 1.8 | 10[14] | $73.80 | Billing Entries, Doc. 249-1, at 40 | |
| 1/12/21 | AH | Review email from client re spoliation | .1 | 50[15] | $20.50 | Billing Entries, Doc. 249-1, at 41 | |
| 1/11/21 | AH | Emails and phone call re spoliation | .8 | 100 | $328 | Billing Entries, Doc. 249-1, at 41 | |
| 1/9/21 | AH | Review emails from client re spoliation cases | .5 | 100 | $205 | Billing Entries, Doc. 249-1, at 41 | |
| 12/1/20 | KP | Email from client re driver HR records | .2 | 100 | $50 | Billing Entries, Doc. 249-1, at 46 | |
| 8/10/20 | AH | Emails with opposing counsel and client; phone call with client re HR reports | .6 | 100 | $246 | Billing Entries, Doc. 249-1, at 57 | |
| 7/22/20 | AH | Review emails from client re HR report | .3 | 100 | $123 | Billing Entries, Doc. 249-1, at 60 | |
| 7/20/20 | AH | Review and respond to emails from opposing counsel re HR reports | .2 | 100 | $82 | Billing Entries, Doc. 249-1, at 60 | |
| 11/25/19 | AH | Review email from client re Maggie's note | .2 | 100 | $82 | Billing Entries, Doc. 249-1, at 71 | |

---

[14] This entry is reduced to a reasonable percentage estimate because Mr. Emuveyan did not show all tasks within the billing entry relate to the spoliation motion. In addition, time spent drafting the motion for spoliation is already captured in the first fee category. (*See supra* Part I; Hollingsworth Decl. ¶ 18, Doc. No. 249-1 at 7.)

[15] This entry is reduced to a reasonable percentage estimate because Mr. Emuveyan did not show all tasks within the billing entry relate to the spoliation motion.

|  | $2,566.10 |
|---|---|
|  |  |

VII.   Remaining Entries

Mr. Emuveyan has not established the remaining billing entries fall within the fee award—that the fees were incurred solely because of the sanctioned conduct and motion for spoliation.  For example, Mr. Emuveyan has failed to show all remaining tasks regarding emails and phone calls related only to the sanctionable conduct.  The entries do not include descriptions of the subject matter of the communications. (*See, e.g.*, Billing Entries, Doc. No. 249-1, at 55, 57, 59.)  And it is clear some communications are unrelated to the spoliation motion: for example, an email from Mr. Emuveyan regarding a protective order. (*See* Billing Entries, Doc. No. 249-1, at 36.)

Next, Mr. Emuveyan has not shown his discovery requests stemmed solely from the sanctioned conduct. (*See, e.g.*, Billing Entries, Doc. No. 249-1, at 59, 63, 70 (referring to second, fourth, and fifth sets of discovery requests, drafting discovery requests and supplemental discovery responses, and reviewing client's proposed discovery questioning).)  Mr. Emuveyan has not established he only sought this discovery because of the spoliation.  Even absent spoliation, Mr. Emuveyan—as the party with the burden of proof—would necessarily have to engage in some discovery (such as seeking his own records and those of similarly situated employees).

Lastly, Mr. Emuveyan seeks fees associated with his motion to compel discovery responses. (*See, e.g.*, Billing Entries, Doc. No. 249-1, at 38, 40.)  Mr. Emuveyan has not met his burden to show these fees were incurred because of the spoliation.  Significantly, Mr. Emuveyan's motion to compel requested comparator evidence relevant to his overall case burden—such as requests regarding other employees' compensation, disciplinary documents, and complaints, along with communications regarding Mr. Emuveyan. (Pl.'s Short Form Disc.

Mot., Doc. No. 42.) Mr. Emuveyan also sought metadata in his motion, (*see id.* at 3), but his request was denied, (Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. 2, Doc. No. 52). Accordingly, Mr. Emuveyan has not shown these fees were incurred solely because of the sanctionable conduct.

## CONCLUSION

Mr. Emuveyan's motion to set a fee amount, (Doc. No. 249), is granted insofar as he asks the court to set a fee amount, but it is denied with regard to the specific amount sought. Mr. Emuveyan is entitled to recover $44,087.07 in attorneys' fees in satisfaction of the fee sanction in the Spoliation Order, (Doc. No. 152). The fees are enumerated in the table below. GRP is ordered to pay $44,087.07 to Mr. Emuveyan within thirty (30) days of this order.

| Category | Fees Awarded | Total |
|---|---|---|
| Drafting Briefs | $25,056 | |
| Hearing Prep and Attendance | $ 2,982.75 | |
| Beehive and Teamster Union Documents | $4,902.25 | |
| Deposition Fees | $6,200.07 | |
| Deposition Costs | $1,173.30 | |
| Fee Recovery | $1,206.60 | |
| Miscellaneous Entries | $2,566.10 | |
| | | **$44,087.07** |

DATED this 29th day of August, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge