UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OGHENETEGA EMUVEYAN,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE EWING; GENEVA ROCK PRODUCTS INC., a Utah corporation; and CLYDE COMPANIES, INC., a Utah corporation,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION (DOC. NO. 282) AND DENYING AS MOOT DEFENDANTS' MOTION TO REMOVE EXHIBIT A (DOC. NO. 297)**<br><br>Case No. 2:19-cv-00616<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Oghenetega Emuveyan brought this action against Steve Ewing, Geneva Rock Products Inc. ("GRP"), and Clyde Companies, Inc., (collectively, "Defendants") alleging, in part, they discriminated against him and treated him disparately based on his race and national origin, created a hostile work environment, wrongfully terminated him, and retaliated against him. (Compl., Doc. No. 2-1.)

Mr. Emuveyan previously claimed Defendants spoliated critical evidence by failing to preserve documents and improperly altering and creating documents after becoming aware of Mr. Emuveyan's claim. Mr. Emuveyan filed a motion for sanctions based on these allegations, which the court granted in part and denied in part. (*See* Mem. Dec. and Order Granting in Part and Den. in Part Pl.'s Mot. Regarding Spoliation of Docs. ("First Spoliation Order"), Doc. No. 152.) After Mr. Emuveyan's first spoliation motion, he became aware of more instances of spoliation and filed a second motion for sanctions. The court granted in part and denied in part

1

this second motion. (*See* Mem. Dec. and Order Granting in Part and Den. in Part Pl.'s Mot. for Default J. Based on Defs.' Spoliation of Evidence ("Second Spoliation Order"), Doc. No. 299.)

Defendants then moved for summary judgment on all of Mr. Emuveyan's claims. (*See* Defs.' Mot. for Summ. J., Doc. No. 257.) In response to the summary judgment motion, Mr. Emuveyan filed a motion under Rule 56(d) of the Federal Rules of Civil Procedure, seeking denial of Defendants' Motion for Summary Judgment on the grounds that Defendants destroyed or altered the evidence necessary to oppose the motion. (*See* Pl.'s Rule 56(d) Mot. ("Mot."), Doc. No. 282.) Mr. Emuveyan supports his motion with a declaration. (*See* Rule 56(d) Decl. of April Hollingsworth ("Hollingsworth Decl."), Doc. No. 283.) Defendants oppose the motion, (*see* Defs.' Resp. to Pl.'s Rule 56(d) Mot. ("Opp'n"), Doc. No. 296), and separately object to the declaration and seek to strike one of the appended exhibits, (*see* Obj. to Rule 56(d) Decl. and Mot. to Remove Ex. A ("Mot. to Strike"), Doc. No. 297). Where Mr. Emuveyan has not established Defendants' conduct prevented him from opposing the summary judgment motion, the Rule 56(d) motion, (Doc. No. 282) is denied—which renders Defendants' objection and motion to strike, (Doc. No. 297), moot.[1]

## BACKGROUND

In general, Mr. Emuveyan asserts five counts against Defendants, alleging they discriminated against him in violation of the Title VII and 42 U.S.C. § 1981, retaliated against him in violation of § 1981, breached a contract, and breached their duty of good faith and fair dealing.[2] (*See* Compl., Doc. No. 2-1; Mot. for Summ. J. 1, Doc. No. 257.) Defendants moved

---

[1] No hearing is necessary; this ruling is based on the parties' written memoranda. *See* DUCivR 7-1(g).

[2] Mr. Emuveyan alleges different counts against different defendants. (*See* Compl., Doc. No. 2-1.)

2

for summary judgment on all counts on the grounds that Clyde Companies did not employ Mr. Emuveyan, Mr. Emuveyan failed to establish a prima facie case for discrimination and/or retaliation, Mr. Emuveyan was terminated for a legitimate and nondiscriminatory reason, Mr. Emuveyan cannot establish this reason was pretextual, and no contract existed between Mr. Emuveyan and Defendants. (Mot. for Summ. J. 1–2, Doc. No. 257.)

Mr. Emuveyan argues he cannot obtain reliable facts and evidence to support his opposition to Defendants' summary judgment motion because Defendants have destroyed or altered the necessary evidence. (Mot. 1–2, Doc. No. 282.) Based on these claims of spoliation, Mr. Emuveyan seeks denial of the motion for summary judgment. (*Id.* at 2.)

## LEGAL STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure provides that if the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion for summary judgment, the court can defer or deny the motion, or allow time for discovery. Fed. R. Civ. P. 56(d). The affidavit must "explain[] why facts precluding summary judgment cannot be presented," which requires the party to "identify[] (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotation marks omitted). The burden is on the party seeking deferral or denial pursuant to Rule 56(d). *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1250 n.3 (10th Cir. 2015).

The general principle of Rule 56(d) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his

3

opposition."³ *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) (internal quotation marks omitted). Rule 56(d) "is designed to safeguard against a premature or improvident grant of summary judgment."⁴ *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). Although relief is not automatic, Rule 56(d) motions "should ordinarily be treated liberally." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 34 (10th Cir. 2021) (internal quotation marks omitted).

## ANALYSIS

In his Rule 56(d) motion, Mr. Emuveyan seeks denial of Defendants' summary judgment motion, or, in the alternative, for the court to defer its consideration of the summary judgment motion until after its ruling on his second spoliation motion. (Mot. 2, Doc. No. 282.) Although it is proper for courts to consider spoliation motions before ruling on summary judgment motions, *see Helget v. City of Hays*, 844 F.3d 1216, 1227 (10th Cir. 2017), all spoliation motions have now been addressed in this case. (*See* Second Spoliation Order, Doc. No. 299; Docket Text Order, Doc. No. 317.) Accordingly, Mr. Emuveyan's request to defer judgment is denied as moot.

The remaining relief Mr. Emuveyan seeks is the denial of Defendants' summary judgment motion. Mr. Emuveyan claims that due to spoliation, he is unable to obtain evidence establishing he was treated unfairly or differently from his white coworkers or that Defendants' reasons for terminating him were pretextual. (Mot. 7, Doc. No. 282.) As an initial matter, Mr.

---

³ The *Burke* court cites the prior Rule 56(f), which Rule 56(d) replaced in 2010. *See* Fed. R. Civ. 56 advisory committee's note to 2010 amendment. But case authority pertaining to the prior Rule 56(f) applies equally to the current Rule 56(d). *See Equal Emp. Opportunity Comm'n v. Moreland Auto Grp., LLLP*, 283 F.R.D. 627, 629 n.1 (D. Colo. 2012).

⁴ The *Pasternak* court also cites the prior Rule 56(f), but its rationale applies equally to the current Rule 56(d). *See Equal Emp. Opportunity Comm'n*, 283 F.R.D. at 629 n.1.

4

Emuveyan has not provided legal authority supporting the premise that summary judgment motions should be denied based on Rule 56(d) in the event of spoliation. Mr. Emuveyan acknowledges Rule 56(d) motions are generally filed when parties seek additional discovery. (Mot. 3, Doc. No. 282.) But Mr. Emuveyan does not seek additional discovery. Indeed, Ms. Hollingsworth's declaration makes clear that additional time will not enable Mr. Emuveyan to obtain the necessary facts to oppose the motion. (Hollingsworth Decl. ¶ 25, Doc. No. 283); *see also Valley Forge Ins. Co.*, 616 F.3d at 1096. Instead, Mr. Emuveyan seeks denial of the summary judgment motion. (Mot. 3–4, Doc. No. 282.)

Mr. Emuveyan contends Rule 56(d) is broad; it permits more than additional discovery or deferral of judgment. He asserts that Rule 56(d) puts the court on notice that summary judgment may be premature, citing *Helget*, 844 F.3d 1216. (Mot. 3, Doc. No. 282; Reply in Supp. of Pl's Rule 56(d) Mot. ("Reply") 2–3, Doc. No. 308.) In *Helget*, the plaintiff argued the district court erred by granting summary judgment before resolving her spoliation motion. 844 F.3d at 1225. Although the Tenth Circuit observed that "as a matter of best practices," courts should rule on spoliation motions before deciding summary judgment, it found the plaintiff had forfeited her argument by failing to bring the unaddressed spoliation issue to the district court's attention in opposing summary judgment. *Id.* at 1226–27. The court observed Rule 56(d) serves as "a noticing function by alerting the court that a summary judgment ruling might be premature." *Id.* at 1226. But the *Helget* case did not address or support the idea that Rule 56(d) requires the denial of summary judgment on the basis of spoliation. And Mr. Emuveyan is not simply alerting the court that a spoliation motion was pending at the time he filed the motion; he contends summary judgment should be denied altogether. (Mot. 3–4, Doc. No. 282.) Despite

5

the lack of legal authority supporting the idea that Rule 56(d) permits the denial of a summary judgment due to spoliation, Mr. Emuveyan's specific arguments are addressed below.

I. <u>Discipline Records</u>

Mr. Emuveyan asserts Defendants failed to preserve his discipline records and those of his comparators. (Mot. 4, Doc. No. 282.) Mr. Emuveyan notes he intended to prove discrimination, hostile work environment, and retaliation using comparator evidence. (Reply 8, Doc. No. 308.) He claims that because of Defendants' spoliation, he cannot establish he was similarly situated to other employees sufficient to support an inference of discrimination through pretext. (Mot. 4, Doc. No. 282; Reply 8–9, Doc. No. 308.) Mr. Emuveyan also contends that because Defendants altered one of his coworker's records to add discipline for a racist comment, he cannot prove his hostile work environment claim. (Reply 9, Doc. No. 308.) Defendants argue Mr. Emuveyan's motion fails because their summary judgment motion does not rely on any spoliated documents and because they restored the records. (Opp'n 2, 13–14, Doc. No. 296.)

At the outset, Defendants' arguments fail because they disregard Mr. Emuveyan's burden to prove Defendants' reasons for termination were pretextual under the *McDonnell Douglas*[5] analysis. (*See* First Spoliation Order 19–20, Doc. No. 152.) The spoliated documents may be necessary to this analysis. (*See, e.g.*, *id.*) Further, Defendants never established the documents were restored. (*See* Second Spoliation Order 16 n.8, Doc. No. 299.)

But Mr. Emuveyan's argument that he cannot oppose the motion for summary judgment due to the spoliation of discipline records also fails. First, Mr. Emuveyan has not established spoliation of the discipline records would warrant denial of summary judgment in full. He has not established this evidence is relevant to all claims on which Defendants seek summary

---

[5] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

judgment; for example, the contract claims. *Cf. Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993) ("[If] the information sought is . . . irrelevant to the summary judgment motion . . . no extension will be granted."). Second, while Defendants did spoliate Mr. Emuveyan's and another employee's discipline records, (*see* First Spoliation Order 17, Doc. No. 152), Mr. Emuveyan does not explain how this prevents him from opposing the summary judgment motion. For instance, he does not claim there are no other similarly situated employees whose discipline records he could use as comparator evidence, nor does he explain why his and the other employee's redacted discipline records are inadequate as comparator evidence. (*See id.* at 23–24.) In addition, Mr. Emuveyan fails to explain why the adverse inferences granted in the Second Spoliation Order[6] are insufficient to allow him to oppose the summary judgment motion on those related claims—discrimination and hostile work environment. (*See* Second Spoliation Order 20, Doc. No. 299.) Accordingly, Mr. Emuveyan is not entitled to denial of the summary judgment motion based on Defendants' spoliation of discipline records.

II. Termination Notices

Next, Mr. Emuveyan claims Defendants spoliated his termination notice by creating a second notice—in which they removed a statement indicating he was terminated pursuant to a contract. (Mot. 5, Doc. No. 282.) He argues Defendants' creation of the second termination notice impairs his ability to oppose Defendants' claim that he did not have a contract with GRP. (Reply 7, Doc. No. 308.)

---

[6] The adverse inferences were granted in the Second Spoliation Order which was issued after Mr. Emuveyan filed this Rule 56(d) motion. But Mr. Emuveyan's reply was filed after the Second Spoliation Order. (*See* Second Spoliation Order, Doc. No. 299; Reply, Doc. No. 308.)

7

However, as previously decided, the creation of the second termination notice did not amount to spoliation. (First Spoliation Order 5–6, Doc. No. 152.) And, in any event, nothing about the creation of second notice prevents Mr. Emuveyan from opposing the summary judgment motion. The second termination notice has no impact on the termination documents he possesses. Those documents remain the same. Nothing in the second termination notice prevents Mr. Emuveyan from arguing a contract existed, using the first termination notice as evidence. And as noted in the First Spoliation Order, Mr. Emuveyan is free to challenge the admissibility of the second termination notice, or to argue it lacks weight or credibility based on the timing and circumstances of its creation. (*See id.* at 6.) But Mr. Emuveyan has not established the creation of the second termination notice prevents him from responding to the summary judgment motion.

### III. Clyde Companies

Mr. Emuveyan's theory of liability against Defendant Clyde Companies rests on the single-employer test, under which he must establish centralized control over labor relations. (Mot. 6, Doc. No. 282.) Mr. Emuveyan believes testimony from or about Jessica Scarsella is critical to establishing centralized control because she changed an employment record under a Clyde, Inc., username. (*Id.* at 6–7.) Defendants' counsel instructed Mr. Ewing not to answer deposition questions about conversations with Ms. Scarsella on the grounds that those communications were subject to attorney-client privilege. (*Id.* at 6; Reply 11, Doc. No. 308; *see also* Opp'n 7, Doc. No. 296.) Although Ms. Scarsella is an attorney, she was then employed as a labor relations manager for GRP. (Opp'n 7, Doc. No. 296.) Mr. Emuveyan asserts Defendants' instructions to Mr. Ewing led Mr. Emuveyan to believe Ms. Scarsella legally represented Defendants—which prevented him from obtaining information about the relationship between

Clyde Companies and GRP, impairing his ability to establish centralized control.  (Mot. at 6–7, Doc. No. 282; Reply 11, Doc. No. 308.)

It is undisputed that Ms. Scarsella was not an attorney for Defendants.  (*See* Opp'n 7, Doc. No. 296.)  But Mr. Emuveyan has not established Mr. Ewing's refusal to answer questions about his communications with her on attorney-client privilege grounds constitutes spoliation which prevents him from responding to the motion for summary judgment.  Further, even after learning Ms. Scarsella was not employed as an attorney for GRP, Mr. Emuveyan did not ultimately challenge Defendants' failure to provide the evidence.  And he does not now seek additional evidence through this Rule 56(d) motion.  (*See* Mot. 3–4, Doc. No. 282.)  Mr. Emuveyan is not entitled to the denial of an entire summary judgment motion based on information withheld during a deposition.

IV. <u>Adverse Inferences</u>

Lastly, Mr. Emuveyan argues the court's prior findings that Defendants spoliated evidence entitles him to an adverse inference which precludes summary judgment.  (Mot. 8–10, Doc. No. 282.)  This argument fails.

Relying on *Hicks v. Gates Rubber Company*, 833 F.2d 1406 (10th Cir. 1987), Mr. Emuveyan claims he is entitled to an adverse inference because Defendants spoliated evidence they were required to keep pursuant to 29 C.F.R. § 1602.14.  (Mot. 8–10, Doc. No. 282.)  In *Hicks*, the Tenth Circuit found the defendant violated § 1602.14 by destroying personnel records. 833 F.2d at 1419.  The court concluded the plaintiff was entitled to an adverse inference as a result and remanded the case to the district court to consider whether that inference was rebutted

by the record evidence.[7] *Id.* *Hicks* does not stand for the premise that any violation of § 1602.14 precludes summary judgment.

Even more fundamentally, every request for an adverse inference has already been addressed and decided. No adverse inference was granted to Mr. Emuveyan in the First Spoliation Order.[8] (*See* First Spoliation Order 24–25, Doc. No. 152.) In the Second Spoliation Order,[9] Mr. Emuveyan was granted adverse inferences requiring the jury to presume spoliated evidence is unfavorable to Defendants. (*See* Second Spoliation Order 20, Doc. No. 299.) To the extent the instant motion seeks to reconsider those rulings or seeks additional spoliation findings, it is denied.

## CONCLUSION

Where Mr. Emuveyan has not established Defendants' spoliation prevents him from opposing the summary judgment motion, his Rule 56(d) Motion, (Doc. No. 282), is denied. In light of this ruling, Defendants' Objection and Motion to Strike, (Doc. No. 297), is denied as moot. The deadlines for the parties to complete briefing on Defendants' summary judgment

---

[7] Courts have questioned the validity of *Hicks*. *See, e.g., Equal Emp. Opportunity Comm'n v. Jetstream Ground Servs.*, No. 13-cv-02340, 2016 U.S. Dist. LEXIS 154109, at *40 (D. Colo. Nov. 3, 2016) (unpublished). While the Tenth Circuit acknowledged more recent precedent "insist[s] on a finding of bad faith before giving an adverse-inference instruction," it reaffirmed that *Hicks* is still binding at present. *Equal Emp. Opportunity Comm'n v. JetStream Ground Servs.*, 878 F.3d 960, 965–66 (10th Cir. 2017). Rule 37(e) of the Federal Rules of Civil Procedure also potentially stands in tension with *Hicks*, as it requires an intent to deprive before an adverse inference may be given. *See* Fed. R. Civ. P. 37(e)(2).

[8] To the extent Mr. Emuveyan seeks a new adverse inference based on an alleged violation of 29 C.F.R § 1602.14, the request is denied. The argument is not properly before the court; it is improper to request this relief in a Rule 56(d) motion. Moreover, it is not sufficiently briefed. Mr. Emuveyan made no argument as to what specific documents needed to be preserved or how the rules regarding spoliation of various types of documents factor into the analysis.

[9] The Second Spoliation Order was issued after Mr. Emuveyan filed his current motion, but before he filed his reply.

motion, (Doc. No. 257), are as follows: Mr. Emuveyan's opposition must be filed within twenty-eight days of the date of this order, and Defendants' reply must be filed within fourteen days after service of the opposition. *See* DUCivR 7-1(a)(4).

DATED this 31st day of August, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge